PEOPLE *v.* FLOYD.

1. CRIMINAL LAW—LARCENY IN A BUILDING—EVIDENCE.
   Verdict of guilty in prosecution for larceny in a building *held*,
   supported by ample proof as to elements of the alleged crime
   and identity of the alleged defendant and sufficient to permit
   jury to find defendant guilty beyond a reasonable doubt of
   the crime charged (CL 1948, § 750.360).

2. SAME—MISSTATEMENT IN CLOSING ARGUMENT—CORRECTION OF
   ERRORS.
   Inadvertent misstatement of prosecutor as to whether defendant
   had a mustache, made in his closing argument in prosecution
   for larceny in a building *held*, corrected when objected to
   by defense counsel and not to have resulted in prejudicial
   error in view of the subsequent statement (CL 1948, § 750.360).

Appeal from Recorder's Court; O'Hara (John P.),
J. Submitted Division 1 November 2, 1965, at De-
troit. (Docket No. 100.) Decided January 11, 1966.

James Frederick Floyd was convicted of larceny
in a building. Defendant appeals. Affirmed.

*Frank J. Kelley*, Attorney General, *Robert A.
Derengoski*, Solicitor General, *Samuel H. Olsen*,
Prosecuting Attorney, *Samuel J. Torina*, Chief Ap-
pellate Lawyer, and *Angelo A. Pentolino, Jr.*, for
the people.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 32 Am Jur, Larceny §§ 10, 119, 120, 135.
[2] 32 Am Jur, Larceny § 152.
    53 Am Jur, Trial § 505.

*Gerald Brock,* for defendant.

WATTS, J.   James Frederick Floyd was found guilty by jury in the recorder's court, Detroit, and sentenced to Jackson for not less than 2 nor more than 4 years for the crime of larceny, in violation of CL 1948, § 750.360 (Stat Ann 1954 Rev § 28.592). Defendant's motion for new trial was denied, and he appeals.   The case was transferred to the Court of Appeals by the Supreme Court on October 14, 1964.

At approximately 3:10 in the afternoon of November 19, 1963, the complainant, Edward Trout, was a customer at the White Tower restaurant.   He placed a white envelope containing fifty $1 bills, two rolls of quarters, and a money order for $10.71 (a total value of $80.71) on the counter.   While he was drinking his coffee, it is alleged that the defendant entered the restaurant, took the white envelope and contents from the counter, and ran out of the restaurant by way of the front door into an alley where he got into a 1955 green Mercury automobile, Michigan vehicle plate FX 6114.

Witness Alphonso King testified that he was working on a truck parked in an alley in the vicinity of the restaurant at the time the alleged violation occurred, when a car containing two men was driven into the alley.   After the car was parked, one of the men left the automobile while the other, James Frederick Floyd, remained in the car.   Later, the man who had left the car ran back to the car with a white envelope in his hand and jumped into the automobile which was driven away at a high rate of speed.   He (King) took the license number of the automobile, which was a 1955 green Mercury bearing Michigan vehicle plate FX 6114.

Detroit police officer John Chaperon testified that on November 19, 1963, at 8:10 p.m., he observed an

automobile with Michigan vehicle plate FX 6114 in a parking lot in the vicinity of 2670 Gladstone in the city of Detroit and that he saw the two defendants walk from that address across the street and get into the car. The defendants were placed under arrest.

Defense counsel contends: The conviction of the defendant was contrary to the great weight of evidence; and the assistant prosecutor committed error in his argument to the jury.

The competent, conflicting testimony in the instant case presents clear questions of fact for the jury relating to the elements of the alleged crime and the identity of the alleged defendant. The jury verdict is supported by ample proof. This Court will not disturb the verdict unless evidence fails to support the finding of fact by the jury. *People* v. *Loudenslager* (1950), 327 Mich 718; *People* v. *Petrosky* (1938), 286 Mich 397; *People* v. *Schram* (1965), 1 Mich App 279.

One of the other questions is whether or not the assistant prosecuting attorney committed error in his closing argument which would justify the granting of a new trial. Counsel refers to the following argument by the assistant prosecuting attorney:

*"Prosecutor:* Here you have this car with this license number in this vicinity. You have a witness standing right there, sees the car pull up in front of him, sees the man get out of that car, walk by him, goes on down the alley. In the meantime, he watches the man inside the car and that man inside of the car sits around this way and is looking back. Now he can't describe his clothes naturally because the car is closed and he is looking over his shoulder and all he can see is his face and he has a mustache; and the man that walked passed him had a mustache—

"*Defense counsel:* May it please the court, I'm going to object to the remark just made by the prosecutor because nowhere in the evidence did any witness state they had a mustache, rather the witness King stated that neither of the defendants had a mustache."

The assistant prosecuting attorney inadvertently made a misstatement to the jury that witness King testified that he (Floyd) had a mustache. The prosecutor forthwith corrected his error when he made the following statement to the court and the jury:

"*Prosecutor:* As I stated, if Your Honor please, if I am misquoting facts, the jurors will remember who said what. I may be wrong and I may be right. My recollection is that he identified these two boys as being those boys in the car. * * * We will leave that to the jury. That is their prerogative, to try to remember what testimony each respective witness gave."

We have examined those matters which defense counsel has raised and conclude that no prejudicial error occurred, that defendant received a fair trial, and that there is ample evidence from which the jury could find the defendant guilty beyond a reasonable doubt of the crime charged.

The order denying defendant's motion for a new trial is affirmed.

LESINSKI, C. J., and QUINN, J., concurred.