## PEOPLE *v.* ARITHER THOMAS.

1. CRIMINAL LAW—VERDICT—SUFFICIENCY OF EVIDENCE—ARMED ROBBERY.

   Claim by defendant that there was insufficient evidence of his identity to support a verdict of guilty of armed robbery *held,* without merit, where the record discloses that one witness present when the robbery occurred testified that defendant was unmasked, that she had a clear and unobstructed view of defendant, and that defendant was one of the robbers, since this testimony, if believed, was sufficient grounds to convict the defendant of the crime charged (CLS 1961, § 750.529).

2. APPEAL AND ERROR—APPELLATE REVIEW—VERDICT—SUFFICIENCY OF EVIDENCE.

   The function of an appellate court is not to be a reviewing jury, but to examine the record on appeal to determine whether or not a finding of fact by the jury is supported by credible evidence, and the Court of Appeals will not disturb a verdict unless evidence fails to support the finding of fact by the jury.

3. CRIMINAL LAW—ARMED ROBBERY—SUFFICIENCY OF EVIDENCE.

   Defendant's conviction of armed robbery *held,* proper, where there was ample evidence to support the verdict of the jury (CLS 1961, § 750.529).

Appeal from Oakland; Thorburn (James S.), J. Submitted Division 2 February 8, 1967, at Lansing. (Docket No. 462.)   Decided June 13, 1967.

Arither Thomas was convicted of armed robbery. Defendant appeals.   Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 29 and 30 Am Jur 2d, Evidence §§ 367, 1143.
[2] 5 Am Jur 2d, Appeal and Error §§ 786, 883.
[3] 46 Am Jur, Robbery §§ 59, 69.

*Frank J. Kelley;* Attorney General, *Robert A. Derengoski,* Solicitor General, *S. Jerome Bronson,* Prosecuting Attorney, *Patrick H. Oliver,* Chief Appellate Counsel, and *Michael M. Pantel,* Assistant Prosecuting Attorney, for the people.

*Douglas W. Booth,* for defendant.

J. H. GILLIS, J. Defendant, Arither Thomas, appeals from his May 28, 1964, conviction of the offense of robbery armed.* On appeal he contends that there was insufficient evidence of his identity to support the jury verdict of guilty upon which this conviction was based.

The record discloses that a witness, Mrs. Shivlie, was present in the store when the holdup occurred; that the defendant was not masked; that this witness had a clear, unobstructed view of the defendant; and that this witness was able to identify him. Defense counsel attempted to discredit the identification in his argument to the jury. The jury, if it believed the testimony of Mrs. Shivlie, had sufficient grounds to convict the defendant as charged.

It is not the function of an appellate court to be a reviewing jury. *People* v. *Eagger* (1966), 4 Mich App 449. Our proper role is to examine the record on appeal to determine whether or not a finding of fact by the jury was supported by credible evidence. *In re Petition of Molisak* (1939), 291 Mich 46. This Court will not disturb the verdict unless evidence fails to support the finding of fact by the jury. *People* v. *Floyd* (1966), 2 Mich App 168. We find that the jury's verdict in the case before us is amply supported by the evidence.

Affirmed.

HOLBROOK, P. J., and FITZGERALD, J., concurred.

_____

* CLS 1961, § 750.529 (Stat Ann 1954 Rev § 28.797).