## PEOPLE v. FARLEY.

1. INDICTMENT AND INFORMATION—RES GESTAE WITNESSES—FAILURE
   TO INDORSE—OBJECTION.

   Objection by defendant charged with crime to failure of prosecutor to indorse name of a *res gestae* witness on the information as required by statute comes too late when made for the first time on appeal, where defendant did not ask for an adjournment at the trial in order to bring in the witness (CLS 1961, § 767.40).

2. CRIMINAL LAW—WITNESSES—EVIDENCE OF OTHER CRIMES.

   Remark by a witness for the prosecution that raises the possibility of the existence of another offense committed by the defendant, *held,* not prejudicial, where trial court sustained defendant's objection because the remark was a conclusion of the witness in answer to a question by the prosecutor.

3. SAME—EXAMINATION—DELAY.

   Delay in conducting an examination of defendant charged with larceny in a building for more than 10 days from arrest and warrant to examination, *held,* not to be reversible error where the delay was adequately explained by the prosecutor and was not shown to prejudice any right of defendant (CL 1948, § 750.360).

4. SAME—ADJOURNMENTS—LOCATING WITNESSES.

   Denial by trial court of motion to delay trial of defendant charged with larceny in a building for 6 months so that defendant might locate a defense witness known only by first name, *held,* proper, where defendant failed to.show how the witness could be located and record does not show what defendant proposed to prove by witness (CL 1948, § 750.360).

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 545; 41 Am Jur 2d, Indictments and Informations § 60.
[2] 5 Am Jur 2d, Appeal and Error §§ 798, 802, 808.
[3] 21 Am Jur 2d, Criminal Law § 445.
[4] 21 Am Jur 2d, Criminal Law § 337.

Appeal from Kent, Letts (John T.), J. Submitted Division 3 May 8, 1968, at Marquette. (Docket No. 3,806.) Decided August 29, 1968. Leave to appeal denied May 23, 1969. 382 Mich 756.

Herman Farley was convicted of larceny in a building. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James K. Miller,* Prosecuting Attorney and *S. J. Venema,* Assistant Prosecuting Attorney, for the people.

*Stewart A. Christian,* for defendant on appeal.

J. H. GILLIS, J. Defendant was convicted by a jury of committing the crime of larceny in a building* and sentenced to prison. Defendant has appealed contending that reversible error occurred in that an alleged *res gestae* witness was not indorsed on the information or called as a witness by the people. Defendant further contends that one of the witnesses for the people, on direct examination, raised the possibility of the existence of another offense. The remaining issues presented pertain to the delay of more than 10 days from arrest and warrant to examination and also to the failure of the trial court to delay the trial for 6 months in order that a possible defense witness might be located.

We find no reversible error in this record. The claimed *res gestae* witness was not present at the time of the larceny but was present some time later when the defendant and an acquaintance looked over some of the goods taken in the larceny. The people contend they first learned of this event during the trial and the defendant does not dispute this contention. Neither the people nor the defense asked,

---

* CL 1948, § 750.360 (Stat Ann 1954 Rev § 28.592).

at this point in the trial, for an adjournment in order
to bring in the witness. See *People* v. *Rasmus*
(1967), 8 Mich App 239; *People* v. *Dickinson* (1966),
2 Mich App 646.

An acquaintance of the defendant who was in-
dorsed as a *res gestae* witness testified that the day
following the larceny he and the defendant left for
Kansas City. When asked by the prosecutor why
they went to Kansas City, the witness answered:
"The reason I went, I had difficulty with my wife,
and he wanted to go because he had an offense
against him." The defense requested that the re-
marks be stricken on the basis that the answer was
a conclusion. The court sustained the objection as
to that portion of the answer which pertained to the
defendant.

The delay in conducting the examination was ade-
quately explained by the prosecutor. While the de-
lay was unfortunate, it did not forestall the defend-
ant's attempt to adjourn the trial for 6 months to
locate an alleged witness known by a first name only.
The trial court properly denied this request when
defendant failed to show how the witness could pos-
sibly be located. The purpose of presenting this
witness—what she would testify to if located—is not
shown in this record.

The conviction is affirmed.

FITZGERALD, P. J., and MCGREGOR, J., concurred.