PEOPLE *v.* WICKHAM.

1. CRIMINAL LAW—SPEEDY TRIAL—FORMAL DEMAND.

Formal demand for a speedy trial is necessary for defendant to complain of violation of his right to a speedy trial.

2. SAME—PRELIMINARY EXAMINATION—DELAY—FORMAL DEMAND—PREJUDICE.

Delay of 21 days in holding preliminary examination on charge of using a motor vehicle without authority but without intent to steal, where defendant did not demand a speedy examination and claims no prejudice by the delay, is not ground for reversal of conviction (CL 1948, § 750.414).

Appeal from Kent, Vander Ploeg (Claude), J. Submitted Division 3 October 10, 1968, at Grand Rapids. (Docket No. 3,499.) Decided October 22, 1968.

Jerry Michael Wickham was convicted of using a motor vehicle without authority but without intent to steal. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James K. Miller,*

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur 2d, Criminal Law § 241 *et seq.*
Waiver or loss of accused's right to speedy trial.   57 ALR2d 302.
Delay between filing of complaint or other charge and arrest of accused as violation of right to speedy trial.   85 ALR2d 980.

Prosecuting Attorney, and *S. J. Venema,* Assistant Prosecuting Attorney, for the people.

*John S. Donovan,* for defendant.

PER CURIAM. Defendant was tried by the court, without a jury, and found guilty of the crime of using a motor vehicle without authority but without intent to steal, contrary to CL 1948, § 750.414 (Stat Ann 1954 Rev § 28.646).

Defendant claims error on appeal in that the preliminary examination was not held within the ten-day statutory period. Upon arraignment in Grand Rapids police court on the charge his examination was set within the ten-day period, but was later adjourned on motion of the assistant prosecutor, with an additional two-day adjournment resulting from the death of one of the circuit court judges. At no time before the preliminary examination did defendant demand a more speedy examination, or move for dismissal of the charge on such a basis. The actual examination was held 21 days after the arraignment.

This Court held in *People* v. *Nawrocki* (1967), 6 Mich App 46, 60, that "in order to protect the right to a speedy trial, it must be demanded", citing *People* v. *Foster* (1933), 261 Mich 247.

Aside from the well-settled law that formal demand must be entered on the record by the defendant before he can claim violation of his right to a speedy trial, there is no claim by defendant that he was prejudiced in any manner by delay in his preliminary examination. As to defendant's additional claim that the prosecution failed to prove each element of the offense charged beyond a reasonable doubt, it is well settled that credibility of witnesses, inferences to be drawn from their testimony, and

weight given to such evidence, are purely questions of fact. In this case the trial judge was the trier of the fact and was in the best position to rule on the truthfulness of testimony and the credibility of the defendant. This Court will not substitute its opinion for that of the trial judge.

Defendant's conviction is affirmed.

LESINSKI, C. J., FITZGERALD and TEMPLIN, JJ., concurred.