## PEOPLE *v.* PRINGLE

APPEAL AND ERROR—APPELLATE REVIEW—VERDICT—SUFFICIENCY OF EVIDENCE.

The function of an appellate court is not to be a reviewing jury, but to examine the record on appeal to determine whether or not a finding of fact by the jury is supported by credible evidence, and the Court of Appeals will not disturb a verdict unless evidence fails to support the finding of fact by the jury.

Appeal from Kent, Roman J. Snow, J. Submitted Division 3 April 8, 1969, at Grand Rapids. (Docket No. 5,782.) Decided April 22, 1969.

Johnny Pringle was convicted of felonious assault. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James K. Miller,* Prosecuting Attorney, and *Robert J. Stephan* and *Jack L. Winter,* Assistant Prosecuting Attorneys, for the people.

*Thomas G. Vanden Bosch,* for defendant.

BEFORE: QUINN, P. J., and HOLBROOK and T. M. BURNS, JJ.

REFERENCE FOR POINTS IN HEADNOTE
5 Am Jur 2d, Appeal and Error §§ 831, 882.

Per Curiam. Defendant's jury trial on a charge of assault with a dangerous weapon* resulted in his conviction March 5, 1968, and he was sentenced thereafter. His appeal questions the sufficiency of the evidence offered by the prosecution to support the verdict of guilty.

As this Court stated in *People v. Arither Thomas* (1967), 7 Mich App 103,

"It is not the function of an appellate court to be a reviewing jury. Our proper role is to examine the record on appeal to determine whether or not a finding of fact by the jury was supported by credible evidence. This Court will not disturb the verdict unless evidence fails to support the finding of fact by the jury."

We have examined the record on appeal, and it does not fail to support the findings of the jury.

Affirmed.

---

* CL 1948, § 750.82 (Stat Ann 1962 Rev § 28.277).