**PEOPLE *v.* PRICE**

ROBBERY—ARMED ROBBERY—EVIDENCE—QUESTIONS OF FACT—CREDIBILITY.

> Testimony of complaining witness, identifying defendant as the perpetrator of a robbery and assault, concurring testimony by another witness who had failed to identify defendant in a lineup but identified him at trial, and testimony of a third person who stated that defendant looked like the robber, raises issues of credibility and fact on which the jury could properly predicate a verdict of guilty of armed robbery, despite the fact that two other witnesses were unable to identify defendant (CL 1948, § 750.529, as amended by PA 1959, No 71).

Appeal from Recorder's Court of Detroit, Frank G. Schemanske, J. Submitted Division 1 May 13, 1969, at Detroit. (Docket No. 3,849.) Decided June 23, 1969.

Glenn Leon Price was convicted of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Leonard Meyers,* Assistant Prosecuting Attorney, for the people.

*Louis R. Harrington,* for defendant on appeal.

REFERENCE FOR POINTS IN HEADNOTE
46 Am Jur, Robbery §§ 50, 53, 54.

BEFORE: Fitzgerald, P. J., and Levin and T. M. Burns, JJ.

Per Curiam. Defendant was convicted by a jury of armed robbery. CL 1948 § 750.529 as amended by PA 1959, No 71 (Stat Ann 1954 Rev § 28.797). He was sentenced to 6 to 15 years' imprisonment and appeals. The only issue on appeal is whether the jury's verdict is supported by sufficient evidence identifying the defendant as the holdup man.

The complaining witness positively identified the defendant as the robber in a 10 or 12 man lineup conducted a few weeks after the holdup and also at the time of trial. One witness failed to identify the defendant during a 5 man lineup conducted approximately 2 weeks after the holdup but at the trial identified the defendant as the robber. Another witness testified that the defendant looked like the robber. Two other witnesses were unable to identify the defendant. Defendant took the stand and denied he participated in the robbery.

We are convinced that the people's evidence was sufficient to raise issues of credibility and fact for jury resolution. There was sufficient evidence upon which to predicate a verdict of guilty See *People v. Arither Thomas* (1967), 7 Mich App 103 .

Affirmed.