PEOPLE v. PERSON

1. APPEAL AND ERROR—JURY VERDICT—REVIEW.
   The Court of Appeals will not disturb a jury verdict unless
   the evidence fails to support the finding of fact.

2. HOMICIDE—MANSLAUGHTER—EVIDENCE—SUFFICIENCY.
   Pathologist's testimony that the death of a 14-month-old child
   was caused by a brain hemorrhage and hematomata in the
   buttocks and thighs along with defendant's confession to police
   that he had struck the child was sufficient evidence to support
   a finding that defendant was guilty of manslaughter (MCLA
   § 750.321).

3. CRIMINAL LAW—PUBLICITY—PREJUDICE—FAIR TRIAL.
   Local radio and television broadcasts (six months prior to de-
   fendant's trial) mentioning the defendant's case and a local
   newspaper article on child brutality do not require that a
   manslaughter conviction be set aside and new trial granted
   absent a showing that any juror was prejudiced by the
   article or broadcasts or that they created an atmosphere
   where prejudice was highly probable (MCLA § 750.321).

4. HOMICIDE—SECOND-DEGREE MURDER—INSTRUCTIONS TO JURY—IN-
   TENT—EVIDENCE.
   Instructions to the jury on second-degree murder are proper
   where the intent necessary to establish the offense can be
   reasonably inferred from acts of the defendant shown in
   evidence (MCLA § 750.317).

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 838.
[2] 40 Am Jur 2d, Homicide §§ 398, 399.
[3] 21 Am Jur 2d, Criminal Law § 236.
   Pretrial publicity in criminal case as affecting defendant's right
   to fair trial—federal cases.  10 L Ed 2d 1243.
[4] 40 Am Jur 2d, Homicide § 486.

Appeal from Recorder's Court of Detroit, Gerald W. Groat, J. Submitted Division 1 October 8, 1969, at Detroit. (Docket No. 3,938.) Decided November 26, 1969.

Johnnie Person was convicted of manslaughter. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Terrance K. Boyle,* Assistant Prosecuting Attorney, for the people.

*Robert E. Childs,* for defendant on appeal.

Before: FITZGERALD, P. J., and McGREGOR and V. J. BRENNAN, JJ.

PER CURIAM. Defendant Person was charged with the second-degree murder of his 14-month-old son, who died of a brain hemorrhage with contributing factors having been hematomata in the buttocks and thighs, as testified to by the pathologist. Defendant pleaded not guilty. The prosecution introduced a confession of the defendant wherein he admitted striking the decedent with his open hand and with a belt. The jury found defendant guilty of manslaughter* and he was sentenced to a prison term of 5 to 15 years.

Defendant argues on appeal that the verdict was against the substantial weight of the evidence; that certain publicity attending his arrest and trial prevented him from receiving a fair trial; and that the evidence was insufficient to warrant a charge of second-degree murder.

---

* MCLA § 750.321 (Stat Ann 1954 Rev § 28.553).

It is not the function of an appellate court to be a reviewing jury. *People* v. *Eagger* (1966), 4 Mich App 449. This Court's proper role is to examine the record on appeal to determine whether the jury's finding of fact is supported by credible evidence. *In re Petition of Molisak* (1939), 291 Mich 46. Accordingly, this Court will not disturb the verdict unless the evidence fails to support the finding of fact. *People* v. *Floyd* (1966), 2 Mich App 168. Upon review of the record, particularly the confession of the defendant and the testimony of the pathologist, we find that the jury verdict in this case is supported by the evidence.

Nor should the verdict be set aside and a new trial ordered by reason of the defendant's claim that certain publicity denied him a fair trial. This claim, which is made for the first time here on appeal, rests solely on the allegations (1) that a local radio station and a local television station announced shortly after the defendant's arrest (and six months prior to trial) that he was suspected of killing his son with a belt and a frying pan, and (2) that during the trial an article titled "Child Brutality and the Cause of It" appeared in the Detroit Free Press. No showing is made that the article and broadcasts prejudiced the deliberation of any juror, *Marshall* v. *United States* (1959), 360 US 310 (79 S Ct 1171, 3 L Ed 2d 1250); *Rideau* v. *Louisiana* (1963), 373 US 723 (83 S Ct 1417, 10 L Ed 2d 663); or that they were a part of an atmosphere which created a high probability of prejudice, *Irvin* v. *Dowd* (1961), 366 US 717 (81 S Ct 1639, 6 L Ed 2d 751); *Sheppard* v. *Maxwell* (1966) 384 US 333 (86 S Ct 1507, 16 L Ed 2d 600); *People* v. *Bloom* (1969), 15 Mich App 463. Moreover, both defendant and his trial counsel expressed satisfaction with the jurors after they were asked on the voir dire whether the news media may

have impaired their ability to render an impartial judgment in a case involving child abuse.

Finally, we find that there was sufficient evidence for the judge to charge the jury on second-degree murder. The intent required can be reasonably inferred from the acts of the defendant. *People* v. *Geiger* (1968), 10 Mich App 339.

Affirmed.