PEOPLE v. McCLENDON

1. Evidence—Suppression—Motion—Timeliness.
    A motion to suppress evidence is properly made in advance of trial.

2. Appeal and Error—Lineup—Assistance of Counsel—Preserving Question.
    Objection to identification of a defendant in a lineup where he was without counsel will not be considered for the first time on appeal where no objection was made at trial.

3. Criminal Law—Witnesses—Identification—Photographs.
    The use of photographs for purposes of identification of a defendant by a witness in a criminal case is permissible.

4. Trial—Continuance—Discretion.
    The granting of a continuance during a trial rests in the discretion of the trial court and discretion was not abused by refusal of a continuance where the trial had already been adjourned once to allow a criminal defendant to secure his witnesses, and defendant did not seek compulsory process to secure the presence of his witness (GCR 1963, 503.2).

5. Appeal and Error—Verdict—Evidence.
    The Court of Appeals will not disturb a verdict unless the evidence fails to support the jury's finding of fact.

Appeal from Recorder's Court of Detroit, Frank G. Schemanske, J.   Submitted Division 1 January

References for Points in Headnotes

[1]  29 Am Jur 2d, Evidence § 426.
[2]  5 Am Jur 2d, Appeal and Error § 545.
[3]  29 Am Jur 2d, Evidence §§ 485, 785, 790, 791.
[4]  17 Am Jur 2d, Continuance §§ 3, 7.
[5]  5 Am Jur 2d, Appeal and Error § 838.

15, 1970, at Detroit. (Docket No. 6,436.) Decided January 27, 1970.

Jerry McClendon was convicted of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Robert A. Reuther,* Assistant Prosecuting Attorney, for the people.

*Franklin & Harris,* for defendant.

Before: Danhof, P. J., and Fitzgerald and Mc-Gregor, JJ.

Per Curiam. Defendant was found guilty by a jury of robbery armed and was sentenced to a term of 5 to 15 years in prison. CLS 1961, § 750.529 (Stat Ann 1969 Cum Supp § 28.797). On appeal defendant is represented by the same counsel who represented him at his trial.

Defendant claims that his constitutional rights were denied when he was placed in a police lineup without his counsel present, when the police showed his photograph along with others to the complaining witness for identification purposes, and when he was not given sufficient time to present his defense. Finally, defendant alleges there was not sufficient evidence to sustain the guilty verdict.

These allegations of error were not made to the trial court. They arise in this case for the first time before this appellate court.

The record establishes that there was an attorney present at the lineup. It does not establish whether or not he represented the defendant.

In *People* v. *Childers* (1969), 20 Mich App 639, this Court stated that defense counsel who waited until the close of the prosecution's proofs to object to the admission of identification evidence which they should have known was subject to constitutional attack raised the issue in an untimely manner. A motion to suppress in advance of trial is the proper procedure so that the state may avoid new trials in such cases, and may also have orderly trials without unexpected but avoidable delays.

Thus, in the instant case where the objection to the defendant's not having counsel present at the police lineup is made for the first time on appeal, it is made too late.

Defendant next questions the use of photographs to aid in identification. The United States Supreme Court has indicated that photographic identification is allowed. See *Simmons* v. *United States* (1968), 390 US 377 (88 S Ct 967, 19 L Ed 2d 1247). An examination of the record discloses that impropriety on the part of police officers in the use of photographs was neither alleged nor established; therefore, we find no reversible error was committed by the admission of the testimony of the photographic identification by the complaining witness of the defendant.

Additionally, error, if any, in the conduct of the police lineup or the use of photographs for identification purposes was clearly harmless. The defense was alibi, not mistaken identity.

The record clearly demonstrates that the allegation that defendant was not given sufficient time to present his defense is without merit. The granting of a continuance rests in the discretion of the trial court, GCR 1963, 503.2. In the instant case the trial court had previously adjourned the trial on one occasion in order to allow the defendant to secure

his witnesses. We note also that defense counsel did not seek service of compulsory process to secure the presence of his witness. Under the circumstances a refusal to grant a continuance was not an abuse of discretion. *People* v. *Collier* (1969) 16 Mich App 695.

Finally, there was sufficient evidence which, if believed, would support the jury's verdict of guilty.

"This Court will not disturb the verdict unless evidence fails to support the finding of fact by the jury. *People* v. *Floyd* (1966), 2 Mich App 168. We find that the jury's verdict in the case before us is amply supported by the evidence." *People* v. *Arither Thomas* (1967), 7 Mich App 103, 104.

Affirmed.