PEOPLE *v.* WRIGHT

ROBBERY — ARMED ROBBERY — EVIDENCE — IDENTIFICATION — SUF-
FICIENCY.

Identification of the defendant as the man who had robbed the
complaining witness was sufficient to sustain a conviction of
armed robbery where the complainant was with the defendant
from 20 to 25 minutes in a well-lighted room and saw the
defendant in various positions, and identified the defendant
from a photograph both before trial and at trial, and the
defendant was also identified when he attempted to cash a
blank check which had been stolen from complainant.

Appeal from Recorder's Court of Detroit, Joseph
A. Gillis, J. Submitted Division 1 May 6, 1970, at
Detroit. (Docket No. 7,546.) Decided June 2, 1970.

Howard Wright was convicted of armed robbery.
Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Dominick R. Carnovale,*
Chief, Appellate Department, and *Robert A.
Reuther,* Assistant Prosecuting Attorney, for the
people.

*Thomas A. Neenan,* for defendant on appeal.

---

REFERENCE FOR POINTS IN HEADNOTE
29 Am Jur 2d, Evidence § 367 *et seq.*

Before: V. J. BRENNAN, P. J., and McGREGOR and AGER,* JJ.

PER CURIAM. The defendant in this matter was tried in recorder's court, city of Detroit. He waived his right to jury trial and was found guilty of robbery armed. MCLA § 750.529 (Stat Ann 1970 Cum Supp § 28.797). His motion for a new trial was denied; from this defendant appeals.

On appeal, defendant contends that there was insufficient evidence to substantiate the verdict. We disagree.

The complaining witness was with the defendant from 20 to 25 minutes, in a well-lighted room, and saw him in various positions. The defendant was identified by photograph before trial and at trial by the witness.

Furthermore, defendant was later identified when he attempted to cash a blank check, which had been stolen from the complaining witness. Defendant alleged that he had found the check.

We find that the evidence presented to the trier of fact, if believed, was sufficient to sustain the conviction. *People* v. *Price* (1969), 17 Mich App 605.

Conviction affirmed.

---

* Circuit judge, sitting on the Court of Appeals by assignment.