PEOPLE *v.* THOMAS

1. CRIMINAL LAW—LINEUP IDENTIFICATION—ASSISTANCE OF COUNSEL.

   Presence of counsel to assist defendant at pretrial lineup identification was not required until after June 12, 1967, the effective date of the United States Supreme Court decision requiring it.

2. CRIMINAL LAW—APPEAL AND ERROR—PRESERVING QUESTION FOR APPEAL.

   Failure to object to witnesses' in-court identification of defendant precludes raising the issue on appeal.

3. CRIMINAL LAW—EVIDENCE—TRIAL RECORD—APPEAL AND ERROR.

   Claims that witness identification procedures were unduly suggestive and that insufficient identification evidence was presented are without merit where such claims are refuted by the record.

Appeal from Recorder's Court of Detroit, George W. Crockett, Jr., J.   Submitted Division 1 October 9, 1970, at Detroit.   (Docket No. 7,078.)   Decided December 3, 1970.

Ethridge Thomas was convicted of armed robbery and assault with intent to commit murder.   Defendant appeals.   Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1, 3]   21 Am Jur 2d, Criminal Law § 368.
[2, 3]   21 Am Jur 2d, Criminal Law §§ 334, 341.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Patricia Pernick Boyle,* Assistant Prosecuting Attorney, for the people.

*Fred K. Persons,* for defendant on appeal.

Before: LESINSKI, C. J., and BRONSON, and ENGEL,* JJ.

PER CURIAM. Defendant was charged with the offenses of armed robbery[1] and assault with intent to commit murder[2] growing out of the robbery and shooting of Joseph Bono on May 2, 1967. Defendant claims in this appeal that his rights were violated by the absence of counsel at pretrial lineups, that the in-court identifications were tainted by unduly suggestive confrontation procedures and that there was not sufficient identification evidence to support a verdict of guilty beyond a reasonable doubt.

Defendant was not entitled to counsel at the lineup because all such procedures were conducted prior to June 12, 1967, the effective date of *United States* v. *Wade* (1967), 388 US 218 (87 S Ct 1926, 18 L Ed 2d 1149); *Stovall* v. *Denno* (1967), 388 US 293 (87 S Ct 1967, 18 L Ed 2d 1199).

Defendant did not object to the in-court identifications by any witness even though identification was the only real issue at trial. The issue, therefore, was not saved for appeal. *People* v. *Childers* (1969), 20 Mich App 639. Further, any claim that

---

* Circuit judge, sitting on the Court of Appeals by assignment.
[1] MCLA § 750.529 (Stat Ann 1970 Cum Supp § 28.797).
[2] MCLA § 750.83 (Stat Ann 1962 Rev § 28.278).

the identification procedures were unduly suggestive is refuted by the record.

Defendant's claim that there was not sufficient identification evidence is also refuted by the record. He was positively identified by the complainant and two eyewitnesses. There was sufficient evidence, if believed by the jury, to support a verdict of guilty beyond a reasonable doubt. *People* v. *Arither Thomas* (1967), 7 Mich App 103.

Affirmed.