PEOPLE *v.* HOWARD JOHNSON

CRIMINAL LAW—WEAPONS—CONCEALMENT—EVIDENCE—SUFFICIENCY.
Evidence that a witness saw defendant put a weapon into his pocket is sufficient to establish concealment and to sustain a conviction of carrying a concealed weapon (MCLA § 750.227).

Appeal from Saginaw, Fred J. Borchard, J. Submitted Division 3 December 8, 1970, at Lansing. (Docket No. 8969.) Decided January 29, 1971.

Howard Lawrence Johnson was convicted of carrying a concealed weapon. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *George E. Thick, II,* Prosecuting Attorney, and *Gust Triantafillou,* Assistant Prosecuting Attorney, for the people.

*Frank R. Vargas,* for defendant on appeal.

Before: McGREGOR, P. J., and T. M. BURNS and ANDREWS,* JJ.

* Circuit judge, sitting on the Court of Appeals by assignment.

REFERENCES FOR POINTS IN HEADNOTE

56 Am Jur, Weapons and Firearms § 10.
Offense of carrying concealed weapon as affected by manner of carrying or place of concealment. 43 ALR2d 492.

Per Curiam.   On November 25, 1969 appellant was convicted after a non-jury trial of carrying a concealed weapon.[1]  Appellant raises two issues on appeal, only one of which warrants discussion. Appellant contends that the finding of the court was not supported by the evidence.  His basic contention is that the testimony did not establish concealment of the weapon.

An examination of the transcript discloses the testimony of a prosecution witness who stated that the defendant put the weapon in his pocket.  This testimony was sufficient to prove defendant guilty of the crime.  *People* v. *Wickham* (1968), 13 Mich App 650, 651, 652:

"As to defendant's additional claim that the prosecution failed to prove each element of the offense charged beyond a reasonable doubt, it is well settled that credibility of witnesses, inferences to be drawn from their testimony, and weight given to such evidence, are purely questions of fact.  In this case the trial judge was the trier of the fact and was in the best position to rule on the truthfulness of testimony and the credibility of the defendant.  This Court will not substitute its opinion for that of the trial judge."

Affirmed.

---

[1] MCLA § 750.227 (Stat Ann 1962 Rev § 28.424).