PEOPLE *v.* JAMES

CRIMINAL LAW—APPEAL AND ERROR—STANDARD OF REVIEW.
   The test on a criminal appeal is whether the evidence warrants
   a finding of guilty beyond a reasonable doubt, not whether
   the verdict is against the great weight of the evidence.

Appeal from Monroe, James J. Kelley, Jr., J. Submitted Division 2 December 14, 1970, at Lansing. (Docket No. 9114.) Decided April 1, 1971.

Elliott James, Jr. was convicted of unarmed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James J. Rostash,* Prosecuting Attorney, and *John R. Whitehouse,* Assistant Prosecuting Attorney, for the people.

*Patricia Costello,* for defendant on appeal.

Before: BRONSON, P. J., and R. B. BURNS and HOFF,* JJ.

PER CURIAM. Defendant appeals his nonjury-trial conviction of unarmed robbery. MCLA § 750-.530 (Stat Ann 1954 Rev § 28.798). His appeal as-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

REFERENCE FOR POINTS IN HEADNOTE
5 Am Jur 2d, Appeal and Error § 883.

serts there was not sufficient evidence as a matter of law to support his conviction.

Appellate courts do not constitute reviewing fact finders and do not hear cases anew upon the evidence presented in a criminal case. *People* v. *Eagger* (1966), 4 Mich App 449; *People* v. *Arither Thomas* (1967), 7 Mich App 103. Further, the test is not whether the verdict is against the great weight of the evidence, but whether the evidence warrants a finding of guilty beyond a reasonable doubt of the crime charged. *People* v. *Williams* (1962), 368 Mich 494, 501; *People* v. *Schram* (1965), 1 Mich App 279; *People* v. *Jones* (1965), 1 Mich App 633; *People* v. *Washington* (1966), 4 Mich App 453; *People* v. *Galarno* (1966), 3 Mich App 491.

The victim in this case was Amado Settles. Defendant admitted he knew that Amado Settles wanted to procure the services of a girl and further that he knew Amado Settles was carrying a substantial amount of money. The evidence shows Amado Settles walked around "behind" the Traffic Jam Bar where he was grabbed, beaten and robbed of his money by a small group of men. The evidence further shows that defendant was one of the men who beat Amado Settles. The only reasonable inference which the trial court, sitting without a jury, could draw from these facts was that defendant willingly and knowingly participated with others in a plan or scheme to rob Amado Settles while unarmed.

Where there is evidence from which the court could reasonably find a defendant guilty beyond a reasonable doubt, a reviewing court will not interfere with the trier of the facts' determination. *People* v. *Ford* (1969), 19 Mich App 519, 521, dealing with armed robbery in a jury trial.

In the instant case there was ample evidence to support a finding of guilty beyond a reasonable doubt by the trial court. Defendant was given a fair and impartial trial and there was no miscarriage of justice. MCLA § 769.26 (Stat Ann 1954 Rev § 28.1096).

Judgment affirmed.