PEOPLE *v* PULLEY

1. CRIMINAL LAW—PRELIMINARY EXAMINATION—DELAY.

Delaying a preliminary examination for more than the statutory period of ten days after arrest is not reversible error where the delay can be adequately explained (MCLA 766.4).

2. CRIMINAL LAW—CONSTITUTIONAL LAW—PRELIMINARY EXAMINATION—RIGHT TO COUNSEL—DELAY.

Holding a preliminary examination at which the defendant, who had not waived his right to counsel, was not represented by counsel, for the purpose of preserving the testimony of a material witness of the prosecution who was being released from incarceration, was erroneous even where a delay would have required the preliminary examination to be held more than ten days after arrest, where delaying the preliminary examination for a few days would not have been unreasonable to the incarcerated material witness (MCLA 766.4).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 445.
[2, 4] 21 Am Jur 2d, Criminal Law §§ 313, 314, 449.
[3] 21 Am Jur 2d, Criminal Law §§ 237, 345 *et seq.*

3. Witnesses—Material Witnesses—Detention.

> The trial court should extend the incarceration of a material witness who had been held in jail for nine days where a few more days are necessary to permit the defendant to retain counsel to represent him at the preliminary examination at which the material witness is to testify (MCLA 767.35).

4. Criminal Law—Right to Counsel—Preliminary Examination —Evidence—Admissibility.

> Testimony given at a preliminary examination at which the defendant was deprived of his constitutional right to counsel by being denied a delay when such a delay was reasonable and would have allowed him to obtain counsel is inadmissible at trial even though the defendant was permitted to cross-examine the witnesses at the preliminary examination.

Appeal from Kalamazoo, Raymond W. Fox, J. Submitted Division 3 December 9, 1971, at Grand Rapids. (Docket No. 10972.) Decided January 20, 1972.

Jimmy Pulley was convicted of selling heroin without a license. Defendant appeals. Reversed and remanded.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, *Donald A. Burge*, Prosecuting Attorney, and *Robert P. Holman*, Assistant Prosecuting Attorney, for the people.

*Joseph J. Jerkins*, for defendant.

Before: R. B. Burns, P. J., and Fitzgerald and V. J. Brennan, JJ.

Fitzgerald, J. Defendant appeals as of right from his nonjury conviction on June 26, 1970, of selling heroin without a license. MCLA 335.152; MSA 18.1122.

On November 1, 1969, Robert Griffin visited the Kalamazoo City Police Department and described alleged narcotics traffic occurring at a Kalamazoo address. He offered to co-operate with the police by making a narcotics purchase at that address. He was then thoroughly searched, given a five-dollar bill, and was kept under continuous surveillance by police officers on his way to and from the house in question. When Mr. Griffin left the house and rejoined his police escort, he turned over to them a small red capsule containing a white powder, which he said he had purchased from defendant inside the house. Laboratory analysis indicated that the white powder in the before-mentioned capsule was heroin.

Since this appeal centers about events transpiring during defendant's preliminary examination, the facts pertaining thereto will be carefully scrutinized.

Defendant was arraigned on November 3, 1969. He then demanded preliminary examination within ten days. Defendant refused the offer of a court-appointed attorney and stated that he would hire his own lawyer. Preliminary examination was set for November 5, 1969. On November 5, Pulley indicated that his brother had contacted an attorney, but neither the brother nor the attorney appeared at this time. Therefore the examination was adjourned to November 12, 1969, at 11 a.m.

On November 12, defendant appeared in court without an attorney. He claimed he had talked with an attorney whose name he could not recall and had told this lawyer the date and time of the preliminary examination. The court made several telephone calls in an attempt to locate the attorney or the defendant's brother, who was to have hired a lawyer for defendant. When these efforts proved unavailing, the court decided to proceed and the following colloquy ensued:

*"Defendant Pulley:* I don't really think I have an attorney.

*"The Court:* You talked to an attorney last Wednesday.

*"Defendant Pulley:* That is all I did, was talk to him. He didn't ever tell me he was representing me or anything.

*"The Court:* It is your duty to hire an attorney, it's not mine, so I am going to allow this witness to testify to preserve his testimony."

The preliminary examination was then conducted with no counsel present to represent the defendant. Mr. Griffin's testimony was given and the defendant was allowed to cross-examine and recross-examine the witness.

In the interim, Mr. Griffin had been held in jail as a material witness pending his opportunity to testify at the preliminary examination. Griffin was held because he had stated that he intended to leave the area permanently at the earliest opportunity. Plaintiff thereupon obtained an order from the Circuit Court for the County of Kalamazoo detaining Griffin in jail until 9:30 a.m. November 13, when he was to be released. Thus, both the plaintiff and the court were desirous of conducting the November 12 preliminary examination. Plaintiff wished to preserve Griffin's testimony before the latter's departure and the court desired to expedite release of Griffin at the time specified in the hold order.

After receiving Griffin's testimony, the examination was adjourned to November 19, 1969, on which date the examination continued. By that date, defendant had retained an attorney who appeared on his behalf. Defendant's counsel moved to strike all of Griffin's testimony on the ground that defendant had not been represented by counsel at that time.

This motion was denied and defendant was bound over for trial.

Since Mr. Griffin could not be found at the time of trial, plaintiff sought to use Griffin's preliminary examination testimony. Defendant's objections were overruled and the testimony was admitted. Defendant was convicted and moved for a new trial. This motion was denied, defendant was sentenced, and he now brings this timely appeal.

The sole issue on appeal is whether defendant was unconstitutionally deprived of his right to counsel at a preliminary examination after his refusal to accept a court-appointed attorney upon his statement that he had obtained or was going to obtain his own counsel. An exhaustive study of the instant case substantiates plaintiff's belief that it is one of first impression in this jurisdiction. The United States Supreme Court, however, has declared that the Sixth Amendment right to cross-examine and to confront witnesses is secured to state-court defendants through the Fourteenth Amendment. *Douglas* v *Alabama,* 380 US 415; 85 S Ct 1074; 13 L Ed 2d 934 (1965). Accordingly, where defendant has been denied his rights to cross-examination and confrontation at a preliminary hearing, testimony taken at the examination may not be introduced at the trial. *Pointer* v *Texas,* 380 US 400; 85 S Ct 1065; 13 L Ed 2d 923 (1965).

The question to be determined then is whether defendant was in fact denied his right to cross-examination at the preliminary examination. In *People* v *Martin No 2,* 21 Mich App 667 (1970), the Michigan Court of Appeals adopted *Pointer* v *Texas, supra,* stating at p 675:

"Where defendant is not represented by counsel at the preliminary hearing, all testimony given at the hearing is inadmissible at trial."

If applied literally, *Martin* would seemingly preclude admission at trial of preliminary examination testimony in any case where the defendant was not represented by counsel, including those cases in which defendant waived his right to an attorney. Clearly, this was not the Court's intent in *Martin*. *Martin* should be read with cases holding that a defendant's right to counsel can be waived. *People* v *Matthews*, 22 Mich App 619 (1970). This interpretation avoids a construction which would permit defendant to preclude later use of preliminary examination testimony simply by waiving an attorney at the preliminary examination. In this case, however, the record is replete with evidence that defendant did not intend to waive his right to an attorney.

The trial court would have been forced to violate the ten-day rule, MCLA 766.4; MSA 28.922, which was in effect at that time, if it had granted another adjournment. It is not reversible error, however, to hold a preliminary examination more than ten days after arrest where the delay, as in the present case, can be adequately explained. *People* v *Farley*, 13 Mich App 132 (1968). MCLA 766.1; MSA 28.919 states that it is the duty of all courts and public officers having duties to perform in connection with such examination to bring them to a final determination without delay *except as it may be necessary to secure to the accused a fair and impartial examination.* Delay in this case would have provided a fairer and more impartial examination. Therefore, the only rationale for denying defendant's request for continuance is that a material witness would be released from incarceration and he would immediately take flight. Yet, to hold the witness a few days longer would not have been unreasonable. *In re Grzyeskowiak*, 267 Mich 697 (1934), stated that a

witness should not be held for more than a reasonable time. In that case, where a material witness had been held for four months, the Court determined (at p 702) that, "it would be unreasonable to hold the witness any longer". In the instant case, the material witness had only been held in jail for nine days. The circuit court would undoubtedly have extended the "hold" for a few more days.

Nor was this the only alternative available to the court. The court could have appointed counsel for the defendant for that particular period in which Griffin's testimony was recorded in view of the fact that defendant had no intention of waiving counsel. This the court failed to do.

This Court does not impose an undue burden on the lower court, in view of the fundamental importance of defendant's right to counsel, by determining that defendant was unconstitutionally deprived of his right to counsel at a preliminary examination where delay was refused when such delay was reasonable and would have allowed defendant time to hire an attorney.

Reversed and remanded.

All concurred.