PEOPLE v BERSINE

1. NEW TRIAL—NEWLY DISCOVERED EVIDENCE—DISCRETION—APPEAL AND ERROR.

The granting of a motion for a new trial on the ground of newly discovered evidence lies within the sound discretion of the trial court, and to establish error a clear abuse of this discretion must be shown.

2. NEW TRIAL—NEWLY DISCOVERED EVIDENCE—RECANTING AFFIDAVIT —DISCRETION.

It is well settled that the Court of Appeals is not influenced by recanting affidavits of witnesses who attempt to show that they perjured themselves at trial; therefore, a trial court did not abuse its discretion by refusing to grant a defendant a new trial on the ground of newly discovered evidence on the basis of such an affidavit.

3. CRIMINAL LAW—DEFENSES—ENTRAPMENT.

The defense of entrapment is not available when the offense is denied.

4. CRIMINAL LAW—PRELIMINARY EXAMINATION—DELAY—PREJUDICE.

The failure to hold a preliminary examination within the statutory period is reversible error only when the defendant can show he was prejudiced by the delay (MCLA 766.4, 766.7).

5. CRIMINAL LAW—PRELIMINARY EXAMINATION—DELAY—ADEQUATE EXPLANATION.

The failure to hold a preliminary examination within the statutory period was not reversible error where one reason for the delay was to make certain that the defendant had counsel

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 58 Am Jur 2d, New Trial §§ 164–182.

[3] 21 Am Jur 2d, Criminal Law § 144.

[4, 5] 21 Am Jur 2d, Criminal Law §§ 445, 446, 449.

[6, 7] 21 Am Jur 2d, Criminal Law § 217.

[8] 30 Am Jur 2d, Evidence §§ 1168–1175.

[9] 4 Am Jur 2d, Appeal § Error §§ 159–167.

[10] 21 Am Jur 2d, Criminal Law §§ 610–615.

representing him at the examination and the record discloses defendant's failure to retain his own counsel, a delay in defendant's petition for court-appointed counsel, and a delay in court-appointed counsel's filing of his written appearance (MCLA 766.4, 766.7).

6. Criminal Law—Res Gestae Witnesses—Failure to Produce—Due Diligence—Discretion—Appeal and Error.

The prosecution may be excused from its obligation to produce a res gestae witness upon a showing of due diligence in the search for such witness; the question of due diligence is a matter within the discretion of the trial court and will be overturned on appeal only when a clear abuse of discretion is shown.

7. Criminal Law—Res Gestae Witnesses—Failure to Produce—Due Diligence.

A trial court did not abuse its discretion in excusing the prosecution from producing a res gestae witness on the ground of due diligence in the search for such witness where the prosecution had immediately attempted to secure the witness when it appeared at trial that she might be a res gestae witness, and where the defendant never sought indorsement of the witness and only raised this issue after the prosecution had rested.

8. Criminal Law—Evidence—Sufficiency—Guilt Beyond a Reasonable Doubt.

The proper standard of proof in a criminal case is not whether the finding of guilt was against the great weight of the evidence, but rather whether there was sufficient evidence to warrant a finding of guilt beyond a reasonable doubt.

9. Criminal Law—Appeal and Error.

The Court of Appeals does not substitute its judgment for that of the triers of fact in a criminal case who heard the testimony of the witnesses and observed their demeanor and will not disturb the verdict unless the evidence fails to support the finding of fact.

10. Criminal Law—Constitutional Law—Cruel or Unusual Punishment—Heroin.

A 20 to 30-year sentence for sale of heroin is not cruel or unusual punishment.

Appeal from Ingham, Donald L. Reisig, J. Sub-

mitted Division 2 November 8, 1972, at Lansing. (Docket No. 10741.) Decided July 23, 1973.

Eugene L. Bersine was convicted of unlawfully selling heroin. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Raymond L. Scodeller,* Prosecuting Attorney, and *James R. Ramsey,* Assistant Prosecuting Attorney, for the people.

*George Hamilton Foley,* for defendant on appeal.

Before: McGREGOR, P. J., and BRONSON and TARGONSKI,* JJ.

TARGONSKI, J. The defendant was convicted by a jury of unlawfully selling heroin and was sentenced to 20 to 30 years in prison.

A complaint was filed and warrant issued on March 6, 1970, charging defendant with the unlawful sale of heroin. A preliminary examination on this matter was held on July 8, 1970. The defendant was bound over to Ingham County Circuit Court and arraigned in that court on July 10, 1970.

The prosecution's case rested on the testimony of Daniel Snell. Snell testified at trial that on March 2, 1970, acting in cooperation with the police, he went to the defendant's apartment and purchased a packet of heroin from the defendant and paid him $10.

After the prosecution had rested its case, the defendant moved to dismiss the charge on the ground that the prosecution had not produced a res gestae witness. This charge was countered by showing that the police officers had been unsuc-

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

cessful in attempting to locate the witness. The trial court denied his motion to dismiss.

On September 21, 1971, this Court granted the defendant's motion to remand the cause to the trial court for further proceedings, whereupon the defendant filed an application in the lower court for leave to file a motion for a new trial. Defendant's motion for a new trial was supported by an affidavit, executed by Daniel Snell, recanting his previous trial testimony implicating the defendant in the alleged sale of heroin. After conducting a hearing, the trial court denied the motion for a new trial. From this ruling the defendant appeals, raising six claims of error.

Defendant first contends that the trial court erred in denying his motion for a new trial on the basis of newly discovered evidence.

The granting of a motion for a new trial lies within the sound discretion of the trial court, and to establish error, a clear abuse of this discretion must be shown. *People v Dailey,* 6 Mich App 99; 148 NW2d 209 (1967); *People v Keiswetter,* 7 Mich App 334; 151 NW2d 829 (1967); *People v Harris,* 31 Mich App 100; 187 NW2d 502 (1971). The standard to be used in determining whether the trial court abused its discretion was stated by this Court in *People v Harris, supra,* as follows:

"Appellate relief from a denial of a motion for a new trial on basis of newly discovered evidence is granted if it is demonstrated that the trial court abused its discretion in such denial. 'Abuse' in such a case would be evidenced by a result that is palpably and grossly violative of fact and logic, such that it evidences 'not the exercise of judgment but the defiance thereof, not the exercise of reason but rather of passion or bias.' *People v Wolschon,* 2 Mich App 186, 188 [139 NW2d 123, 124] (1966)."

A review of the record in the instant case reveals the following facts. In his recanting affidavit, Snell implicated another person in the crime. This party testified at the hearing on the motion for a new trial and denied selling any heroin to Snell on the date in question. The trial court in denying the motion observed that Snell's affidavit was not forthcoming until shortly after the affiant and defendant had come into contact with each other in prison and the lengthy period of time which had elapsed between defendant's conviction and the execution of the recanting affidavit.

It is well settled that this Court is not impressed by recanting affidavits of witnesses who attempt to show that they perjured themselves at trial. *People v Dailey, supra; People v Bradford,* 10 Mich App 696; 160 NW2d 373 (1968); *People v Harris, supra.* Under the circumstances present in the instant case, the trial court did not abuse its discretion.

Next, the defendant contends that the trial court erred in denying his motion for acquittal on the ground of entrapment. However, he denied making the sale. The defense of entrapment is not available when the offense is denied. *Tomita v Tucker,* 18 Mich App 559; 171 NW2d 564 (1969); *People v Nelson White,* 26 Mich App 35; 181 NW2d 803 (1970); *People v Claugherty,* 36 Mich App 648; 194 NW2d 54 (1971).

Defendant also urges that he was denied a fair trial and due process of law due to the fact that the preliminary examination was not held within the then statutory period of ten days. Although the circumstances which led to the delay are somewhat sketchy, a review of the facts is helpful in disposing of this issue. The warrant was issued and arraignment held on March 6, 1970, and the pre-

liminary examination, was set for March 13, 1970. The record indicated that the defendant would retain counsel to represent him. On March 16, 1970, the examination was adjourned because he did not have counsel and there was no available time on the court's docket. On April 28, 1970, a petition for court-appointed counsel was filed and on May 1, 1970, the district court was notified that counsel had been appointed. A written appearance was filed by defendant's counsel on May 11, 1970, and the examination was held on June 8, 1970.

MCLA 766.4; MSA 28.922 then provided that a preliminary examination be held within ten days. However, this provision is tempered by MCLA 766.7; MSA 28.925 allowing for adjournment of the examination when good cause is shown. This Court has frequently stated that the failure to hold an examination within the statutory period is reversible error only when the defendant can show he was prejudiced by the delay. *People v Wickham,* 13 Mich App 650; 164 NW2d 681 (1968); *People v Connors,* 27 Mich App 47; 183 NW2d 348 (1970); *People v Grasty,* 21 Mich App 106; 174 NW2d 860 (1970). In the instant case, the defendant has failed to show any prejudice.

Furthermore, the failure to hold an examination within the statutory period is not reversible error where the delay can be adequately explained. In *People v Pulley,* 37 Mich App 715, 720; 195 NW2d 283, 285 (1972), this Court stated:

"It is not reversible error, however, to hold a preliminary examination more than ten days after arrest where the delay, as in the present case, can be adequately explained. *People v Farley,* 13 Mich App 132 [163 NW2d 692] (1968). MCLA 766.1; MSA 28.919 states that it is the duty of all courts and public officers having duties to perform in connection with such examination to bring them to a final determination *without*

*delay except as it may be necessary to secure to the accused a fair and impartial examination."*

In the instant case, one reason for the adjournments was to make certain the defendant had counsel representing him at the examination. Thus, the delay in this cause was adequately explained and no prejudice resulted from the delay.

Defendant also claims that the trial court committed reversible error by denying his motion to dismiss the charge on the ground that the prosecution had failed to produce a res gestae witness.

The first time that the alleged res gestae witness was mentioned was during the preliminary examination. The prosecution's witness, Daniel Snell, testified that a woman named Kathy Young might have been in the room when the alleged transaction occurred. However, later during his testimony, the witness indicated that he had seen Kathy Young upstairs and that no one else was present in the defendant's apartment when the transaction occurred. At the trial, Snell's testimony indicated that Kathy Young might have been present. After the prosecution had rested, defense counsel moved to dismiss the charge based on the prosecution's failure to produce a res gestae witness. The prosecution then called Detective Swerdfeger who testified that he had received a subpoena for Miss Young the previous evening. He testified that he had contacted the East Lansing Police Department and discovered that Miss Young's mother might be working at a local supermarket. After attempting to locate the supermarket unsuccessfully, he attempted to contact two girls who might have known Miss Young and checked the Michigan State University Union Building several times for the presence of Miss Young or her friends. These efforts were without

success. After hearing this testimony the trial court excused the prosecution from producing the witness, finding that the prosecution had made a diligent effort in attempting to locate her.

Defendant is correct in his contention that as a general rule the prosecution is obligated to produce res gestae witnesses. *People v Dickinson,* 2 Mich App 646; 141 NW2d 360 (1966); *People v Phillips,* 37 Mich App 242; 194 NW2d 501 (1971). However, the prosecution may be excused from such a duty upon a showing of due diligence in the search for such witness. *People v Lewis,* 25 Mich App 132; 181 NW2d 79 (1970); *People v Russell,* 27 Mich App 654; 183 NW2d 845 (1970). The question of due diligence is a matter within the discretion of the trial court and will be overturned on appeal only when a clear abuse of that discretion is shown. *People v Russell, supra; People v Garcia,* 39 Mich App 45; 197 NW2d 287 (1972).

In the instant case, the earliest time that this witness became known to the prosecution was at the preliminary examination. During that proceeding, the testimony indicated that Miss Young was not present when the alleged illegal sale occurred. At the trial, when it again appeared that she might be a res gestae witness, the prosecution immediately attempted to secure her attendance at trial. The defendant never sought her endorsement and only raised this issue after the prosecution had rested. Therefore, due to the short period of time allowed the prosecution to locate the witness, the trial court did not abuse its discretion in excusing the prosecution from producing the witness on the ground of "due diligence".

Defendant next argues that the verdict was against the great weight of the evidence. However, the proper standard of proof in a criminal case is

not whether the finding of guilt was against the great weight of the evidence, but rather whether there was sufficient evidence to warrant a finding of guilt beyond a reasonable doubt. *People v Washington,* 4 Mich App 453; 145 NW2d 292 (1966); *People v James,* 32 Mich App 278; 188 NW2d 164 (1971); *People v Knapp,* 34 Mich App 325; 191 NW2d 155 (1971).

The main contention of the defendant is that the only testimony as to the sale of heroin was that of Daniel Snell and since he is a liar, it is not entitled to any weight whatsoever. This Court on review does not substitute its judgment for that of the triers of fact who heard the testimony of the witnesses and observed their demeanor. *People v Panknin,* 4 Mich App 19; 143 NW2d 806 (1966); *People v Casper,* 25 Mich App 1; 180 NW2d 906 (1970). Accordingly, this Court will not disturb the verdict unless the evidence fails to support the finding of fact. *People v Floyd,* 2 Mich App 168; 139 NW2d 124 (1966); *People v Person,* 20 Mich App 246; 174 NW2d 67 (1969). The record in the instant case contains sufficient evidence, if believed, to warrant a finding of guilt beyond a reasonable doubt.

Finally defendant argues that MCLA 335.152; MSA 18.1122 is unconstitutional as it is violative of the constitutional guarantees regarding equal protection, due process, right to privacy, and cruel and unusual punishment.

Defendant cites *People v Lorentzen,* 387 Mich 167; 194 NW2d 827 (1972), in support of these contentions. However, we believe *People v Osteen,* 46 Mich App 409; 208 NW2d 198 (1972), is dispositive of this issue. In *Osteen, supra,* we held that the Supreme Court's holding in *Lorentzen, supra,* was limited to marijuana and not hard narcotics.

We further held that a 20–25-year sentence for sale of heroin was not cruel or unusual punishment. See also *People v Steadman,* 41 Mich App 393; 200 NW2d 370 (1972). Therefore, we find no reversible error.

Affirmed.

All concurred.