## PEOPLE *v.* GEORGE BAKER.

1. CRIMINAL LAW — JURY — CLARIFICATION OF VERDICT — LESSER INCLUDED OFFENSES.

   Defendant's claim that the action of the trial court in asking the jury foreman, after the foreman stated "we find the defendant guilty," whether this was "guilty of robbery armed?" constituted reversible error by excluding lesser included offenses from consideration by the jury *held*, without merit, where the court had properly instructed the jury as to all lesser included offenses, the question of the court being fully justified to determine the meaning of the foreman's statement (CLS 1961, § 750.529).

2. SAME—STATEMENT OF COUNSEL—STIPULATIONS IN OPEN COURT.

   Defendant's claim that the prosecuting attorney committed reversible error at the conclusion of the people's case by stating, in the presence of the jury, that "defense counsel has agreed to waive the remainder of the witnesses because it would be cumulative," *held*, without merit, where defendant was represented by an able and experienced practitioner obviously aware

REFERENCES FOR POINTS IN HEADNOTES
[1] 53 Am Jur, Trial §§ 802, 1056 *et seq.*
[2] 53 Am Jur, Trial § 458; 21 Am Jur 2d, Criminal Law § 344.
[3] 53 Am Jur, Trial §§ 513, 670, 783.
[4] 29 Am Jur 2d, Evidence § 708.
[5] 29 Am Jur 2d, Evidence §§ 708, 716; 717.

that his client had a constitutional right to be confronted with the witnesses, who made no objection thereto, stating "that's correct," particularly where the Court of Appeals is left to speculate as to the reason for such action by defense counsel as well as the testimony that might have been given by said witnesses.

3. SAME — EVIDENCE — PRIOR CONVICTION — IMPEACHMENT — IN-STRUCTIONS — FAILURE TO INSTRUCT — FAILURE TO REQUEST IN-STRUCTION.

Failure of the trial court to instruct the jury that defendant's impeachment concerning his prior criminal record should be considered by the jury only for the purpose of determining defendant's credibility *held*, without merit, where no such instruction was requested by defendant (CL 1948, § 768.29).

4. SAME—EVIDENCE—HEARSAY—RES GESTAE.

*Res gestae*, as an exception to the hearsay rule, refers to those exclamations and statements made by either the participants, victims, or spectators to a crime immediately before, during, or immediately after the commission of the crime, when the circumstances are such that the statements were made as a spontaneous reaction or utterance inspired by the excitement of the occasion and there was no opportunity for the declarant to deliberate and to fabricate a false statement.

5. SAME—EVIDENCE—RES GESTAE.

Claim that the trial court committed prejudicial error in allowing a police officer to testify that the complainant told him that the man who had held up the complainant "was wearing a blue type baseball cap with a medal in the front," *held*, without merit, where the statement was made to the officer within a few minutes after the armed robbery of complainant, since such an immediate complaint made of a crime of violence must be regarded as a part of the *res gestae* (CLS 1961, § 750-.529).

Appeal from Recorder's Court of Detroit; Groat (Gerald W.), J. Submitted Division 1 October 7, 1966, at Detroit. (Docket No. 654.) Decided June 13, 1967.

George Baker was convicted of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Samuel H. Olsen,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Rheo C. Marchand,* Assistant Prosecuting Attorney, for the people.

*J. Lynn Fewlass,* for defendant.

J. H. GILLIS, J.    Defendant George Baker was convicted by a jury on December 18, 1964, and subsequently sentenced for the crime of armed robbery. CLS 1961, § 750.529 (Stat Ann 1965 Cum Supp § 28-.797).

Defendant presents four issues for our determination, the first of which concerns the manner in which the jury returned its verdict.    The trial court properly instructed the jury on robbery while being armed; assault with intent to rob while being armed; larceny from a person; assault and battery; simple assault; and not guilty.    The jury returned its verdict in the following manner:

"*The Clerk.* What is your verdict, guilty or not guilty?
"*The Foreman.* We find the defendant guilty.
"*The Court.* Guilty of robbery being armed?
"*The Foreman.* Yes, sir.
"*The Clerk.* * * * You solemnly say upon your oaths that you find the defendant George Baker guilty of the crime of robbery armed? So say you Mr. Foreman?
"*The Foreman.* Yes.
"*The Clerk.* So say you all, Members of the Jury?
"*The Jurors.* Yes."

Defendant, on appeal, takes the position that the statement of the court after the jury returned its verdict affirmatively excluded the lesser offenses from the consideration of the jury in an attempt to

correct their void verdict as in *People* v. *Jones*
(1935), 273 Mich 430. However, an examination of
the *Jones Case* discloses that it is reversible error
for the trial court to refuse to instruct the jury on in-
cluded offenses. The facts in the instant case are
substantially different. Here the court fully in-
structed the jury as to all the lesser and included
offenses. The facts in the case before us are similar
to those presented in *People* v. *Rabin* (1947), 317
Mich 654, 668, where the jury returned its verdict in
the following manner:

"*'Foreman of the Jury.* We find the defendant,
Samuel H. Rabin, guilty as charged.

"*'The Court.* Guilty as charged? Let me explain
this to you. Mr. Rabin is charged under counts 1, 3, 4
and 5. Do you mean that you find him guilty under
all four counts?

"*'Foreman of the Jury.* Yes, sir. Find him guilty
on all four counts.'"

The Supreme Court stated:

"We consider the court was justified in his in-
quiry as to the meaning of the foreman's statement,
and that the objection with respect thereto is without
merit."

Here, too, the court was justified in its inquiry.

The second issue raised by defense counsel is
whether the prosecuting attorney committed revers-
ible error when he stated, in the presence of the
jury, at the conclusion of the people's case: "De-
fense counsel has agreed to waive the remainder of
the witnesses because it would be cumulative." De-
fense counsel consented to the waiver and voiced no
objections when the prosecutor made his statement.
This Court, of course, can only speculate as to what
the remainder of the witnesses would have testified.
It may well be that defense counsel was aware of the

substance of the prospective testimony and felt that in the best interests of his client, it would be better not to cumulate such testimony in front of the jury. Defense counsel, after the prosecutor made this statement here complained of, corroborated the prosecutor's statement by replying: "That's correct." Defense counsel is an able and experienced practitioner who has tried many cases in the criminal courts in this jurisdiction. He was undoubtedly aware that his client had a constitutional right to be confronted with the witnesses. There is no reversible error present in this second issue. *Cf. People* v. *Murray* (1883), 52 Mich 288.

The next assignment of error is based upon the trial court's failure to instruct the jury as to the limited purposes for which evidence of other crimes committed by the defendant may be used. During trial, on direct examination, defense counsel asked defendant if he was ever convicted of a felony and defendant answered: "I was arrested and convicted of a felony one time." On cross-examination, defendant admitted he had been twice convicted of larceny in a building, and once of larceny from a dwelling.

There is no question concerning the rights of the prosecution to question defendant concerning his criminal record for impeachment purposes under these circumstances. Defense counsel made no request to the court to instruct the jury that they could consider defendant's prior criminal record only for the purpose of testing his credibility. CL 1948, § 768.29 (Stat Ann 1954 Rev § 28.1052) provides, *inter alia,* that the failure of the court to instruct on any point of law shall not be ground for setting aside the verdict of the jury unless such instruction is requested by the accused. See, also, *People* v. *Clark* (1954), 340 Mich 411, 416.

Defendant's final contention is that the trial court erred in allowing the police officer to testify that the complainant advised him that the man who held him up "was wearing a blue type baseball cap with a medal in the front." Defendant contends that this amounts to hearsay testimony and as such was inadmissible. We hold, however, that this testimony was admissible for the reason that it forms a portion of the *res gestae*.

"When strictly defined, *res gestae* refers to those exclamations and statements made by either the participants, victims, or spectators to a crime immediately before, during, or immediately after the commission of the crime, when the circumstances are such that the statements were made as a spontaneous reaction or utterance inspired by the excitement of the occasion and there was no opportunity for the declarant to deliberate and to fabricate a false statement." 1 Wharton, Criminal Evidence (12th ed) § 279, p 624.

The statement here complained of by the complainant to the police officer was made within minutes of the crime. As Justice COOLEY stated in *Lambert* v. *People* (1874), 29 Mich 70, 71, "Such an immediate complaint made of a crime of violence must be regarded as a part of the *res gestae*."

Judgment affirmed.

LESINSKI, C. J., and HOLBROOK, J., concurred.