PEOPLE *v.* ALLEN

1. TRIAL—CRIMINAL LAW—JURY—VERDICT—COURT CLARIFICATION.
   Trial court's action in asking the jury foreman, who had stated
   that "the verdict was guilty," whether he meant guilty of
   assault with intent to rob being armed, was not error where
   the court had fully instructed the jury on all lesser included
   offenses and under the circumstances was fully justified in
   determining the meaning of the foreman's statement (MCLA
   § 750.89).

2. WITNESSES—RES GESTAE WITNESSES—IMPEACHMENT.
   *Res gestae* witnesses may be impeached on any material matters.

3. APPEAL AND ERROR—VERDICT—EVIDENCE—SUFFICIENCY.
   The Court of Appeals will not weigh evidence on appeal to deter-
   mine whether the jury should have considered it sufficient since
   the proper test is whether there is any evidence to sustain
   the verdict.

Appeal from Recorder's Court of Detroit, Gerald
W. Groat, J. Submitted Division 1 January 15,
1970, at Detroit. (Docket No. 5,698.) Decided
January 26, 1970.

Zernia Allen was convicted of assault with in-
tent to rob being armed. Defendant appeals. Af-
firmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 53 Am Jur, Trial §§ 1094, 1099.
[2] 53 Am Jur, Witnesses § 767.
[3] 5 Am Jur 2d, Appeal and Error § 883.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer and *Thomas P. Smith,* Assistant Prosecuting Attorney, for the people.

*M. John Shamo,* for defendant on appeal.

Before: Danhof, P. J., and Fitzgerald and McGregor, JJ.

Per Curiam. This appeal arises from a criminal cause wherein defendant Zernia Allen was convicted of assault with intent to rob being armed pursuant to MCLA § 750.89 (Stat Ann 1962 Rev § 28.284).

The facts as elicited from witnesses during the trial disclosed that Alice Lewis, a night clerk and maid at a Detroit hotel, had been struck from behind and from the front by a man whom she later identified as the defendant. Mrs. Lewis testified that her assailant attempted to rob her of approximately $20 which she was carrying in her apron pocket. Mrs. Lewis, though unable to positively identify the object which was used to bludgeon her, did concede that the instrument most probably had been some wooden or metal object. This testimony was buttressed by a doctor who examined and treated the complainant after the assault.

At the conclusion of the trial, the jurors were instructed as follows:

"You may find the defendant guilty of assault with intent to rob being armed, or you may find the defendant guilty of attempted larceny from the person, or you may find defendant guilty of felonious assault, or you may find the defendant guilty of assault and battery, or you may find the defendant

guilty of simple assault, or you may find the defendant not guilty."

After their deliberation, the jury returned and the following colloquy took place:

"*The Clerk:* Members of the jury, have you agreed upon a verdict, and if so, who shall speak for you?

"*Foreman:* I will speak for them.

"*The Clerk:* What is your verdict, guilty or not guilty?

"*Foreman:* The verdict is guilty.

"*The Court:* Guilty of assault with intent to rob being armed?

"*Foreman:* Yes, Your Honor."

The Court is now asked to consider the propriety of the trial court's query to the jury foreman of what offense the defendant had been convicted. Defendant contends that this was reversible error constituting intrusion into the province of the jury since they were, in effect, told what their verdict should be. We do not agree with defendant's argument. Under similar circumstances, this Court has held that such a question is fully justified in determining the meaning of the foreman's reply. *People* v. *George Baker* (1967), 7 Mich App 7.

It is also argued that the trial court erred in permitting the prosecution to offer testimony of prior inconsistent statements made by a *res gestae* witness. This was not error, for a *res gestae* witness may be impeached by the prosecution on material matters. *People* v. *Pope* (1967), 8 Mich App 231.

Defendant also avers that insufficient evidence was produced to establish the existence of a weapon and the intent to rob. This Court will not weigh evidence on appeal and say whether the jury should

have considered it sufficient. *People* v. *Eagger* (1966), 4 Mich App 449. The proper test is whether there is any evidence to sustain the verdict. *People* v. *Howard* (1883). 50 Mich 239. After a thorough review of the record in the instant case. we conclude that evidence of intent and the existence of a weapon was put before the jury.

Affirmed.