PEOPLE *v.* FOWLKES

ROBBERY—ROBBERY ARMED—INSTRUCTIONS—ELEMENTS OF CRIME—
—FAILURE TO OBJECT.
  The court's instructions adequately informed the jury that the
  defendant had to be armed for the jury to return a verdict
  of guilty of robbery armed where the court, on several occa-
  sions, gave instructions that the defendant was being charged
  with the offense of robbery armed and the phrase "being
  armed with a dangerous weapon" was further defined and
  where the instructions were not objected to (GCR 1963, 516).

Appeal from Recorder's Court of Detroit, Elvin
L. Davenport, J.   Submitted Division 1 June 12,
1970, at Detroit.   (Docket No. 7,387.)   Decided June
30, 1970.   Leave to appeal denied August 18, 1970.
383 Mich 819.

Martin Fowlkes was convicted of armed robbery.
Defendant appeals.   Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Dominick R. Carnovale,*
Chief, Appellate Department, and *Luvenia D.
Dockett,* Assistant Prosecuting Attorney, for the
people.

*Arthur J. Tarnow* (Defenders' Office—Legal Aid
and Defender Association of Detroit), for defend-
ant on appeal.

REFERENCE FOR POINTS IN HEADNOTE
46 Am Jur, Robbery §§ 58–60.

Before: Holbrook, P. J., and R. B. Burns and O'Hara,* JJ.

Per Curiam. Defendant was convicted on February 19, 1969, of robbery armed** by a jury.

On appeal defendant charges that the instructions to the jury were improper. We have reviewed the entire instructions and have come to the conclusion that reversible error is not contained therein. Specifically we note that the instructions on reasonable doubt were adequate although lengthy. Additionally, we note that on several occasions the court instructed the jury that the defendant was being charged for the offense of robbery armed. The phrase "being armed with a dangerous weapon" was further defined. Although the instructions of the court could have been more explicit, they were not objected to, but instead were accepted by defense counsel. GCR 1963, 516. We conclude that the instructions adequately informed the jury that the defendant had to be armed in order for the jury to bring back a verdict of guilty of robbery armed. There was no reversible error committed in this case concerning the objections of the defendant raised on this appeal. *Cf. People v. Price* (1970), 21 Mich App 694.

Affirmed.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

** MCLA § 750.529 (Stat Ann 1970 Cum Supp § 28.797).