### PEOPLE *v.* GREER

### PEOPLE *v.* BELLAMY

1. CRIMINAL LAW—PHOTOGRAPHIC IDENTIFICATION—RIGHT TO COUNSEL—UNAPPREHENDED DEFENDANT.
   An unknown and unapprehended defendant is not entitled to the presence of counsel where the complaining witness is being shown police photographs of known criminals.

2. TRIAL—VERDICTS—CLARIFICATION.
   A verdict as announced by the foreman of the jury was not void as being too general where the court asked the foreman to clarify the verdict, thus immediately curing any possible error.

Appeal from Macomb, Walter P. Cynar, J. Submitted Division 3 October 15 (Docket No. 8245) and October 16 (Docket No. 8579), 1970, at Marquette. Decided December 10, 1970.

David Earl Greer and Willie Bellamy were convicted of armed robbery. Defendants appeal. Cases consolidated. Affirmed.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 309 *et seq.*
Accused's right to assistance of counsel at or prior to arraignment. 5 ALR3d 1269.
[2] 53 Am Jur, Trial § 1004 *et seq.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *George N. Parris,* Prosecuting Attorney, *Thaddeus F. Hamera,* Chief Appellate Lawyer, and *Don L. Milbourn,* Assistant Prosecuting Attorney, for the people.

*Roland L. Olzark,* for defendant Greer on appeal.

*Roberts, Wigle & Nahhat,* for defendant Bellamy on appeal.

Before: FITZGERALD, P. J., and McGREGOR and O'HARA,* JJ.

FITZGERALD, P. J. Codefendants Willie Bellamy and David Earl Greer were arrested with two others and charged with the robbery of a St. Clair Shores gun shop which occurred on January 14, 1969. Defendant Bellamy and codefendant David Earl Greer were eventually convicted by a jury on June 26, 1969, of robbery armed, a violation of MCLA § 750.529 (Stat Ann 1970 Cum Supp § 28-.797). Their separate appeals were consolidated by this Court.

Mr. Nick Grebb, the complaining witness and owner of the Shores Gun Shop, was working alone in his store on January 14, 1969. At approximately 4 p.m. on that date, two men, later identified as Willie Bellamy and David Greer, entered the shop. Defendant Bellamy stood by the counter while Greer remained at the front door. Greer inquired about a certain type of ammunition and was informed by Mr. Grebb that he didn't have any and Greer turned to leave the store. Bellamy, however, inquired if

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

Grebb carried a particular shotgun and when Grebb turned to get it, he placed a revolver at Grebb's stomach. At this point, Greer jumped over the counter, stuck a revolver in Grebb's neck and ordered him to turn over all of the money. A wallet was taken and the contents of the cash register removed. Grebb's dog, which had been at the back of the shop, came running out, whereupon Bellamy fled and Greer trained his gun on the dog. Complainant then placed himself between Greer and the dog. Greer fled and the complainant grabbed a loaded rifle and ran after him. Greer fired a shot and then ran toward a waiting car. Grebb fired numerous shots at the automobile which was attempting to drive off.

The first question we shall consider is whether there was sufficient testimony from which the jury could reasonably have concluded that the defendant Bellamy was a participant in the robbery.

It is an established rule of law that a jury is the sole judge of the facts, and neither the trial court nor an appellate court may interfere with the jury's determination where there is sufficient evidence to reasonably support the findings of the jury. *People* v. *Person* (1969), 20 Mich App 246. In the present case an examination of the record reveals that the complaining witness, Nick Grebb, had ample opportunity to view the defendant Bellamy. He was seen in the gun shop at a distance of only a few feet. Complainant spoke to the man and answered questions about a shotgun for him. Such testimony indicates that he had ample time to observe defendant and to look him over carefully. In addition, Grebb testified that he would have remembered defendant even if nothing had happened because it was rather unusual for him to have black customers. Complainant also made an in-court identification before

the jury despite the fact that defendant was dressed differently than at the time of the commission of the crime. We, therefore, find that there was sufficient evidence which, if believed, would support the verdict of the jury.

Defendant also claims that he was denied due process of law and a fair trial because he was not represented by counsel when his photograph was shown by the police to the complaining witness. Apparently defendant seeks to extend the holding of *United States* v. *Wade* (1967), 388 US 218 (87 S Ct 1926, 18 L Ed 2d 1149), to situations where a fugitive from justice has not been taken into custody. The record in the present case is clear that defendant was not apprehended until February 18, 1969, and complainant viewed the photographs at the scene of the crime on January 14, 1969, from which he was able to identify Willie Bellamy. So far as we can ascertain, no court has as yet ruled that an unknown and unapprehended defendant is entitled to the presence of counsel when the complaining witness is being shown police photographs of known criminals.

In addition to the issues already discussed, defendant Greer raises several instances of error, all of which are combined under the question of whether he received a fair and impartial trial as guaranteed by both the Federal and state constitutions. It is argued that Greer was denied a "fair hearing and impartial trial" for numerous reasons, the totality of which resulted in a miscarriage of justice. Defendant's argument is unpersuasive. While he raises several distinct issues, most are unfounded and will not be reviewed since they are raised for the first time on appeal and a clear injustice has not been demonstrated. *People* v. *Ray Clifton Smith* (1969), 20 Mich App 243.

Defendant Greer contends that a nickel-plated revolver purportedly used in the robbery, but not admitted into evidence, remained on a table in the presence of the jury, thus prejudicing defendant. Despite the fact that the court gave no reason for denying admission of the revolver, objections raised during the trial went to the foundation laid by the prosecution. However, the record reveals ample testimony adduced from witnesses which would connect the particular revolver to the defendant. Also, there was no question raised regarding the legality of the arrest or seizure of the revolver.

The facts before us are similar to those of *People v. Kennedy* (1970), 22 Mich App 524, where a weapon was left in plain view of the jury without formally being placed in evidence. On appeal, this Court held that defendant's failure to object precluded appellate review. The record reveals that during the trial in the present case, no timely objection was made to the presence of the revolver, although counsel for a codefendant who was later acquitted made a request, while the jury was excused, to remove the gun from sight and the request was then granted. Therefore, consistent with our ruling in *Kennedy, supra,* defendant is now precluded from appellate review.

Finally, the claim of defendant Greer that the verdict as announced by the foreman of the jury was too general and, therefore, void is without merit since any error which might have existed was immediately cured when the court asked the foreman to clarify the verdict. *People v. George Baker* (1967), 7 Mich App 7, and *People v. Allen* (1970), 21 Mich App 109.

A review of the totality of circumstances does not sufficiently demonstrate the existence of reversible

error. Accordingly, the decision of the trial court is hereby affirmed as to both defendants.

All concurred.