PEOPLE v. MERRITT

CRIMINAL LAW—ARMED ROBBERY—EVIDENCE—SUFFICIENCY.
 Evidence consisting of the identification of the defendant by an eyewitness who looked directly at the defendant for several minutes during the armed robbery with which the defendant was charged and of the testimony of an accomplice in the robbery that the defendant had participated in the crime was sufficient to support the defendant's conviction of armed robbery where there was no testimony contradicting the accomplice's and the eyewitness's testimony.

Appeal from Recorder's Court of Detroit, Henry L. Heading, J. Submitted Division 1 December 8, 1970, at Grand Rapids. (Docket No. 9629.) Decided January 28, 1971.

Samuel Merritt was convicted of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Thomas P. Smith,* Assistant Prosecuting Attorney, for the people.

*Charles Burke,* for defendant on appeal.

Before: T. M. BURNS, P. J., and R. B. BURNS and FITZGERALD, JJ.

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 226.

PER CURIAM.   Defendant appeals from a jury conviction on a charge of armed robbery.[1]   The people move to affirm.

Defendant's only claim is that the evidence was insufficient to warrant a verdict of guilty by the jury. A review of the transcript indicates that there was ample testimony upon which to base such a verdict. The defendant was identified as one of the robbers by an eyewitness who looked directly at the defendant for several minutes while he was pointing a shotgun at her.   Another witness who cooperated with the defendant in the robbery identified him as having participated in the crime.   There was no contradictory testimony.

The evidence was adequate to support the verdict of guilty.   This Court will not disturb a guilty verdict by a jury when there is evidence in the record which, if believed, will support the verdict beyond a reasonable doubt.   *People* v. *Person* (1969), 20 Mich App 246; *People* v. *Hummel* (1969), 19 Mich App 266; *People* v. *Floyd* (1968), 15 Mich App 284; *People* v. *Shaw* (1968), 10 Mich App 315.

Motion to affirm is granted.

---

[1] MCLA § 750.529 (Stat Ann 1954 Rev § 28.797).