PEOPLE v. FLY

1. CRIMINAL LAW—IN-COURT IDENTIFICATION—ILLEGAL LINEUP—HARMLESS ERROR.

Admission of an in-court identification of defendant based upon a lineup at which the defendant allegedly was not represented by counsel was, even assuming the truth of the allegation, harmless error where other testimony of witnesses positively identified defendant as being present at the scene of the crime charged.

2. CRIMINAL LAW—TRIAL—REOPENED PROOFS—WITNESSES.

Permitting the prosecutor to reopen his case and to introduce the testimony of three additional witnesses, who might have been *res gestae* witnesses, was not error where the trial judge specified that defendant's attorney would have the first opportunity to examine the witnesses, no significant testimony was elicited from these witnesses, the defendant was aware of the witnesses' existence and at no time objected to the prosecution's failure to indorse them on the information.

Appeal from Oakland, James S. Thorburn, J. Submitted Division 2 October 11, 1971. (Docket No. 10239.) Decided October 27, 1971.

Daniel R. Fly was convicted of second-degree murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Thomas G. Plunkett,*

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 29 Am Jur 2d, Evidence §§ 367, 1143.
[2] 53 Am Jur, Trial §§ 123–127.

Prosecuting Attorney, and *Frank R. Knox,* Assistant
Prosecuting Attorney, for the people.

*Donald A. Brown,* for defendant.

Before: McGregor, P. J., and Holbrook and Van
Valkenburg,* JJ.

Per Curiam.   Defendant was tried and convicted
by a jury on a charge of second-degree murder, in
violation of MCLA § 750.321 (Stat Ann 1954 Rev
§ 28.549), and sentenced to 25 to 50 years' imprison-
ment.

First, the defendant complains that the in-court
identification was improperly admitted into evidence
because of the allegation that the lineup was con-
ducted without benefit of counsel.   However differ-
ent witnesses testified that the defendant had been
seen in the Dequindre Party Store, where deceased
Benjamin Newton worked, at around 1:30 a.m. on
November 12, 1969.   Between that time and 1:49
a.m., the deceased was shot several times with a
handgun and died as a result of multiple gunshot
wounds.   The defendant was arrested on February
13, 1970.   A gun found in his possession matched the
description of the murder weapon.

On appeal defendant raises for the first time the
issue that the trial court erred in permitting an in-
court identification of the defendant based upon an
illegal lineup.   Defendant contends that he was not
represented by counsel at the lineup and therefore
the admission of identification testimony based upon
the lineup was erroneous.   Other testimony than that
here complained of positively identifies the defend-
ant as present at the scene of the crime.   Assuming

* Former circuit judge, sitting on the Court of Appeals by
assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

*arguendo* that defendant was not represented by counsel, we conclude that the court's error in admitting the identification testimony was harmless beyond a reasonable doubt. Defendant's contention is without merit. See *People* v. *Hutton* (1970), 21 Mich App 312.

Defendant also contends that the court erred in permitting the prosecutor to reopen his case and introduce the testimony of three additional witnesses. The court, in permitting the testimony of additional witnesses provided that defendant's attorney would have the first opportunity to examine the witnesses. No testimony of significance was elicited from these witnesses. While it is true that they may have been *res gestae* witnesses, the defendant was aware of their existence and at no time objected to the prosecution's failure to indorse them on the information. In view of these circumstances we conclude that the admission of the testimony of the additional witnesses did not prejudice the defendant. No reversible error was committed. *People* v. *Nelson* (1971), 29 Mich App 251; *People* v. *McLaughlin* (1966), 3 Mich App 391.

Affirmed.