PEOPLE *v.* GRIFFIS

1. CRIMINAL LAW—SENTENCING—PRESENTENCE REPORT—DISCRETION.
   The extent to which a presentence report is furnished a defendant is in the discretion of the trial judge.

2. CRIMINAL LAW—SENTENCING—PRESENTENCE REPORT—DISCRETION.
   Furnishing a defendant with four pages of a six-page presentence report was not an abuse of discretion.

Appeal from Genesee, Philip C. Elliott, J. Submitted Division 2 September 7, 1971, at Lansing. (Docket No. 10529.) Decided November 26, 1971.

Arthur Leroy Griffis was convicted, on his plea of guilty, of breaking and entering an occupied dwelling with intent to commit a larceny. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief Assistant Prosecuting Attorney, for the people.

*Peter Anastor,* for defendant on appeal.

Before: V. J. BRENNAN, P. J., and FITZGERALD and LEVIN, JJ.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law § 527 *et seq.*
   Defendant's right to disclosure of presentence report.  40 ALR3d 681.

Per Curiam. The defendant was convicted of the crime of breaking and entering an occupied dwelling with intent to commit a larceny. MCLA § 750.110 (Stat Ann 1971 Cum Supp § 28.305).

The only issue raised on appeal concerns the procedures preceding the sentencing of the defendant to a prison term of 7–1/2 to 15 years.

Before sentencing, the defendant's lawyer asked for a copy of the presentence report. The judge took the request under advisement and before the date set for sentencing furnished the defendant's lawyer with four pages of the six-page report, withholding two pages.

The rule enunciated in decisions of our Court is that whether and the extent to which a presentence report shall be furnished rests in the trial judge's discretion. See *People* v. *McFadden* (1971), 31 Mich App 512, 517.

In *People* v. *Malkowski* (1971), 385 Mich 244, 249, the Michigan Supreme Court considered the question raised on this appeal. The Court stated that the problems which arise out of sentencing "have been a matter of concern" to the Court over the past several years, referred to numerous law review articles dealing with the problem of a defendant's access to presentence reports and declared:

"It is vitally important to the defendant and to the ends of justice that the sentence be based upon accurate information. The great majority of defendants plead guilty. For those defendants, probation or determination of the length of time they will be in prison are the only significant decisions to be made by the judge. One commentator points out:

" 'Basic fairness to the accused would seem to require the same opportunity to rebut evidence against him at sentencing as at trial. The stakes at sentencing may be just as high, and the justification for

non-disclosure no more, than at the time of guilt determination.' Lehrich, *The Use and Disclosure of Presentence Reports in the United States,* 47 FRD 225, 251 (1969)."

The Court also announced that it was considering revision of the court rules to require the furnishing of presentence reports routinely.

However, the Court affirmed Malkowski's conviction because the prosecutor had printed the presentence report in the *Malkowski* case as part of the people's appendix and Malkowski had little to object to. The Court concluded that "no useful result would be achieved" by remanding for resentencing.

The entire Court, except Justice BLACK, signed the majority opinion. Justice BLACK dissented from the Court's intimation that presentence reports should be furnished.

While *Malkowski* is a harbinger of a change in the law, the law has not yet been changed. Under the circumstance that the Supreme Court is aware of the problem, has considered it, and has not yet acted, we do not think it would be appropriate for us to outrun the Supreme Court.[1]

Affirmed.

---

[1] See the recent annotation: Defendant's Right to Disclosure of Presentence Report, 40 ALR3d 681.