PEOPLE v ROSS

1. CRIMINAL LAW—PROSECUTOR'S REMARKS—OTHER CRIMES—CURA-
TIVE INSTRUCTIONS.

   Statements by the prosecuting attorney that defendant was
   under observation by the State Police before he committed
   the crime charged did not imply defendant committed other
   crimes, and even if such an implication was present, it was
   corrected by an instruction to the jury to disregard the state-
   ment.

2. BURGLARY—BREAKING AND ENTERING—POSSESSING BURGLARY
TOOLS—EVIDENCE.

   Admitting a chisel and a flashlight in defendant's possession
   at the time of his arrest was not error where defendant was
   charged with breaking and entering and possession of burglary
   tools, defendant was arrested near a building which had been
   broken into, and there were pry marks on the door and on a
   safe in the building.

Appeal from Saginaw, Eugene Snow Huff, J.
Submitted Division 3 April 4, 1972, at Lansing.
(Docket No. 9059.) Decided April 24, 1972. Leave
to appeal denied, 388 Mich 795.

Jack R. Ross was convicted of breaking and enter-
ing with intent to commit a larceny and of possession
of burglary tools. Defendant appeals. Affirmed.

*Frank J. Kelley*, Attorney General, *Robert A.
Derengoski*, Solicitor General, *George E. Thick II*,

REFERENCES FOR POINTS IN HEADNOTES

[1] 53 Am Jur, Trial § 670 *et seq.*
[2] 29 Am Jur 2d, Evidence § 288 *et seq.*
    Validity, construction, and application of statutes relating to
    burglars' tools. 33 ALR3d 798.

Prosecuting Attorney, and *Roy DeGesero,* Assistant Prosecuting Attorney, for the people.

*Henry L. Greenwood,* for defendant on appeal.

Before: QUINN, P. J., and V. J. BRENNAN and TARGONSKI,* JJ.

QUINN, P. J. A jury convicted defendant of breaking and entering with intent to commit a larceny, MCLA 750.110; MSA 28.305, and possession of burglary tools, MCLA 750.116; MSA 28.311. He was sentenced on each conviction and he appeals.

During his opening statement, the prosecuting attorney stated, " * * * , the prosecution will establish in the case of the people vs Jack Ross, beyond a reasonable doubt, that on April 17, 1969, the defendant was put under observation by members of the Michigan State Police Department; that the members of the Michigan State Police Department followed this defendant * * * ". Defendant objected and moved for a mistrial claiming that these remarks by implication and inference alluded to other crimes which the defendant may have committed and that this was reversible error. The trial court denied the motion on a finding that the remarks did not imply or infer other crimes which the defendant may have committed. In its instructions to the jury, the trial court instructed the jury to disregard the comment by the prosecutor in his opening statement that "the people would prove that they followed the defendant prior to his arrest near Gratiot Fuel and Lumber Company". There was no objection to this instruction or any other instruction.

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

The foregoing is the basis for two of the errors defendant urges on appeal. The trial court properly found that, fairly read, the objected to remark of the prosecuting attorney in his opening statement did not imply or infer other offenses. If such an implication or inference was possible from the remark, any error arising therefrom was corrected by the instruction quoted above, *People* v *Pruitt,* 28 Mich App 270 (1970). Failure to object to the instruction, precludes defendant from now asserting error in the correcting instruction, GCR 1963, 516.2.

Defendant was arrested about 10 p.m. coming out of a fenced area surrounding Gratiot Fuel and Lumber Company on the date that it was broken into. When arrested, defendant had in his pocket a 3/4-inch chisel and a flashlight. At trial, the chisel, flashlight, and a hammer found near the scene of arrest were introduced into evidence over defendant's objection. The possession of the chisel was the basis for the charge against defendant of possession of burglary tools.

On appeal, defendant urges that it was reversible error to admit the chisel because no proper foundation was laid; it was error to admit the hammer because it was not connected in any way with defendant; it was error to admit the flashlight because it was not a burglary tool.

The proofs indicate that there were pry marks on the door and on the safe and that the glass in the door was broken. Defendant's possession of the chisel near the area of the offense and the pry marks on the door and on the safe were sufficient circumstances to support a jury finding that the chisel was adapted and designed for the purpose of breaking and entering. On authority of *People* v *Murphy,* 28 Mich App 150, 156 (1970), it was not error to admit

the chisel in evidence. The foregoing facts also support the admission of the flashlight in evidence.

While there is no direct evidence connecting defendant with the hammer, we do not find its admission in evidence to be reversible error on the facts of this case.

Affirmed.

All concurred.