PEOPLE v WILSON

1. Criminal Law—Alibi—Burden of Proof—Instructions to Jury.
   The trial court's instruction that the defendant should be acquitted if his alibi defense was "sustained" did not imply that the defendant had to prove his alibi defense before he could be acquitted where the instructions as a whole informed the jury that the burden of proof remained on the prosecution.

2. Criminal Law—Prosecutor's Comments—Racial Comments.
   The prosecutor's reference to defendant as "colored" was not reversible error where the references were not made in a derogatory manner and the same term was used by defense counsel when referring to defendant, the use of the term did not divert the jury's attention to a collateral matter, and defendant did not object or ask for a cautionary instruction.

3. Criminal Law—Prosecutor's Comments.
   Prosecutor's questions which placed undue emphasis on a defendant's criminal record and his questionable relationship with a 15-year-old girl did not result in reversible error where defense counsel failed to make timely objection and had questioned defendant about the matters himself.

Appeal from St. Clair, Halford I. Streeter, J. Submitted Division 2 January 31, 1972, at Detroit. (Docket No. 11611.) Decided April 27, 1972.

Arthur Wilson was convicted of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Walter W. Turton,* Prosecuting Attorney, and *Delmar L. Cleland,* Corporation Counsel, for the people.

References for Points in Headnotes
[1] 53 Am Jur, Trial § 657.
[2, 3] 5 Am Jur 2d, Appeal and Error § 778.

*C. J. Sullivan,* for defendant on appeal.

Before: LESINSKI, C. J., and J. H. GILLIS and QUINN, JJ.

J. H. GILLIS, J. Defendant was convicted of armed robbery by a jury verdict and sentenced to 7–1/2 to 15 years in prison. Defendant's motion for a new trial was denied. Leave to file a delayed appeal was subsequently granted.

On July 25, 1966, the complainants, William and James McLeish, left Imlay City to "drive around". Several hours later, while driving in Port Huron, complainants were "whistled" to a stop by a male and a female, subsequently identified as defendant and Maria Bennett.

Complainants accepted an offer of sexual intercourse for $10. Defendant and Maria Bennett entered their car and the foursome proceeded to a nearby secluded area. William McLeish walked to the rear of the car with defendant while his brother had sexual intercourse with Maria Bennett. At this time, defendant assaulted William McLeish and at knifepoint robbed him of $70 and his watch. Defendant then assaulted and robbed James McLeish, who sustained two knife wounds.

On appeal, defendant raises four assignments of error. First, defendant contends that the trial court's instruction to the jury concerning the defense of alibi was erroneous. The charge was given as follows:

"The defense interposed here what is known in the law as an alibi; that is the defendant was not at the place where the crime is alleged to have been committed. Such a defense is as legitimate as any. In fact, if it is sustained, there can be no better defense because if the defendant was not at the place it is impossible that he could have committed the crime charged and the

defense and the testimony in support thereof should be given your careful consideration. If true, or if you have a reasonable doubt as to whether or not it is true, the defendant is entitled to an acquittal at your hands.

"The testimony on this matter should be carefully scrutinized, because it is one easily made or manufactured and likewise hard to disprove. The defense and testimony in its support should be carefully considered by you and given such weight, taking into consideration the witness or witnesses by whom that testimony is given, the interest, if any, that such witnesses have or may have in the outcome in the case and all the surrounding circumstances as you consider it is entitled.

"If the alibi is sustained, you should, of course, acquit the defendant; and if not sustained in your minds, you must, nevertheless, inquire from all of the evidence introduced in the case whether or not the people have satisfied you beyond a reasonable doubt of the defendant's guilt of the crime alleged."

The language in the first paragraph requiring an acquittal if the jury has a reasonable doubt as to the truth of the alibi correctly states the law on proof of alibi. *People v Marcus,* 253 Mich 410 (1931). The defendant objects to the words "If the alibi is sustained * * * ," claiming that the use of the word "sustained" creates an improper inference that defendant has the burden of proving his alibi, before the jury can acquit.

Any inference which might have been drawn from the use of the word "sustained" is negated by express language that "If not sustained in your minds, you must nevertheless, inquire from all the evidence introduced in the case whether or not *the people have satisfied you beyond a reasonable doubt* of the defendant's guilt of the crime alleged". (Emphasis supplied.) Read in its entirety, *(People v Dye,* 356 Mich 271, 279 [1959]), this

charge adequately informed the jury that the burden of proof of defendant's guilt remained on the prosecution, and therefore, the charge was not erroneous.

Second, defendant alleges that the trial court committed reversible error by failing to instruct the jury *sua sponte* that they could consider defendant's prior criminal record only for the purpose of testing his credibility. The failure of the court to instruct on any point of law shall not be ground for setting aside the verdict of the jury unless such instruction is requested by the accused. MCLA 768.29; MSA 28.1052; *People v George Baker,* 7 Mich App 7, 11 (1969); *People v Anderson,* 13 Mich App 247 (1968). The failure by the defendant to request such instruction precludes a finding of reversible error on this issue.

Third, defendant contends that the conduct of the prosecuting attorney at the trial was sufficiently prejudicial to deny defendant his right to a fair trial. The conduct complained of consisted of the prosecutor's references to defendant's race and certain questions asked during his cross-examination of defendant. At the outset we note that the transcript reveals neither an affirmative objection by defense counsel nor a request for a cautionary instruction.

Both the prosecutor and defense counsel referred to defendant and Maria Bennett as "colored". Although any reference to race was unnecessary, the limited number of references found in the record were not made in a derogatory manner and did not divert the jury's attention to a collateral matter or so prejudice defendant as to cause a miscarriage of justice.

In his cross-examination of the defendant, the prosecutor questioned defendant about his prior

criminal record, and then the following questions and answers occurred:

"*Q.* And you think that the Probate Court of this county and of Macomb County were being harsh on you not to allow you to marry a 15-year-old girl with this record?

"*A.* I did not think the Probate Court of Port Huron or the Probate Court of Macomb County was being anything on me. The only thing I knew is that I love Maria and she loves me and we want to get married.

"*Q.* Do you think you are a fit man for a 15-year-old girl to marry?

"*A.* Do I think that I am a fit man?

"*Q.* Yes.

"*A.* I think that I am.

"*Mr. Turton:* That is all."

These questions appear to have had as their purpose the placing of undue emphasis on defendant's criminal record and his questionable relationship with a 15-year-old girl. Their tendency was to discredit the defendant in the jurors' minds, and to divert their attention from the real issues. However, both the defendant's record and the full details of his relationship with Maria Bennett had been explored, by both prosecutor and defense counsel, before these questions were asked. Hence, though improper in their emphasis of these collateral matters, they introduced no new matters prejudicial to defendant. The improper emphasis could have been cured by a cautionary instruction, had defense counsel made timely objection. Under these circumstances, we will not reverse where, as here, we find no miscarriage of justice. *People v Wheeler,* 33 Mich App 733 (1971); *People v David Smith,* 16 Mich App 198 (1969); MCLA 769.26; MSA 28.1096.

Finally, defendant contends that the jury verdict

convicting defendant of armed robbery was against the great weight of the evidence. The record reveals testimony by two eyewitnesses who identified defendant as the perpetrator of the armed robbery. This evidence was sufficient to support the jury verdict. *People v Merritt,* 30 Mich App 237 (1971); *People v Abernathy,* 253 Mich 583 (1931).

Affirmed.

All concurred.