### PEOPLE v WILLIE SMITH

1. Criminal Law—Codefendant—Plea of Guilty—Reference—Curative Instruction.

   An instruction that the jury disregard the remark completely was not inadequate where the prosecutor stated during voir dire that one of the seven participants in the robbery had already pled guilty and where the defendant did not object to the curative instruction given or request that it be supplemented, the error, if any, has not been preserved for appeal.

2. Criminal Law—Evidence—In-Court Identification—Cumulative Evidence—Harmless Error.

   The admission of a witness's in-court identification of a defendant, assuming the procedure of identification was impermissibly suggestive, was harmless error where the evidence objected to was cumulative in that two other eyewitnesses had positively identified the defendant (MCLA 769.26).

3. Criminal Law—Instructions to Jury—Included Offenses—Evidence.

   The trial court properly refused to instruct the jury on the lesser offenses included in the crime charged where the defendant had failed to present evidence which would support conviction of such offenses.

Appeal from Calhoun, Creighton R. Coleman, J. Submitted Division 3 October 10, 1972, at Lansing. (Docket No. 12823.) Decided October 26, 1972.

Willie Smith was convicted of armed robbery. Defendant appeals. Affirmed.

References for Points in Headnotes

[1] 53 Am Jur, Trial § 821.
   5 Am Jur 2d, Appeal and Error §§ 545 *et seq.;* 623.
[2] 53 Am Jur, Trial § 106.
[3] 53 Am Jur, Trial §§ 798–802.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Stanley Everett,* Prosecuting Attorney, for the people.

*Richard L. Dobbins,* for defendant on appeal.

Before: DANHOF, P. J., and BRONSON and T. M. BURNS, JJ.

PER CURIAM. Defendant was convicted by jury verdict of armed robbery and sentenced to serve a prison term of 8-1/2 to 20 years. MCLA 750.529; MSA 28.797. From this conviction defendant appeals as a matter of right.

At approximately 11 p.m. on October 21, 1970, a tavern located in the City of Springfield known as "Dave and Donna's Beer Keg" was robbed at gunpoint. After a grand jury returned indictments against the seven alleged participants, the trials of four of the persons charged, including defendant, were consolidated without objection. The evidence adduced at trial incriminating defendant may be summarized as follows.

Defendant was observed entering the tavern with his face partially covered by a scarf and carrying a shotgun. Two eyewitnesses identified him as a participant. Anthony Bass, a codefendant who had previously pled guilty to the lesser offense of unarmed robbery, stated that he knew all the persons charged. He testified to defendant's involvement and use of a sawed-off shotgun during the robbery. Patrick Johnson, one of defendant's cellmates during his pretrial confinement, testified that defendant admitted participating in the robbery. Defendant presented no evidence, but relied upon the prosecution's failure to prove his guilt beyond a reasonable doubt. At the conclusion of trial, the jury returned a verdict of guilty as

charged. Defendant challenges this conviction, contending that the trial judge committed reversible error by (1) denying defendant's motion for mistrial based upon the prosecutor's prejudicial remarks during voir dire of the jury, (2) denying defendant's objection to the prosecutor's procedure in obtaining a witness's in-court identification of defendant, and (3) failing to instruct the jury upon the lesser offenses included in the crime charged.

During voir dire the prosecutor stated that there were seven participants in the robbery, one of whom had already pled guilty. The trial judge responded to defendant's objection by asking "the jury to disregard that remark completely". Defendant challenges the adequacy of this instruction, contending that it was wholly insufficient to cure the prejudice created and denied defendant a fair trial. In *People v Watson,* 307 Mich 596 (1943), *cert den,* 323 US 749; 65 S Ct 81; 89 L Ed 600 (1944), *reh den,* 323 US 815; 65 S Ct 127; 89 L Ed 648 (1944), the Court found that the same type of error created by the prosecutor's opening argument was cured by the trial judge's instruction. The instruction approved by the *Watson* Court directed the jury to consider the actions or statements of other persons similarly charged as binding only upon them and not the defendants on trial. Although the challenged instruction is not as detailed as the one given in *Watson,* we do not find it inadequate. *Cf. People v Fowlkes,* 25 Mich App 157 (1970). Since defendant neither objected to the curative instruction given nor requested that it be supplemented, the error, if any, has not been preserved for appeal. *People v Ross,* 39 Mich App 697 (1972); *People v Wilson,* 40 Mich App 290 (1972). In this context we cannot say that the given instruction failed to achieve its intended

purpose. Since the record fails to support defendant's allegation of prejudice, the trial judge's denial of his motion for mistrial is sustained.

Defendant's second allegation of error is based upon the procedure used by the prosecutor to obtain a witness's in-court identification of defendant. The prosecutor gave each of the persons seated at the defense table a number, indicating which were attorneys, and asked the witness to identify each number. We need not consider the merits of the argument that this procedure was impermissibly suggestive, since this identification was cumulative. *Cf. People v Schram,* 23 Mich App 91 (1970); *People v Fly,* 36 Mich App 661 (1971). Two eyewitnesses identified defendant and his cellmate disclosed defendant's admitted participation in the robbery. If such procedure constituted error, it must be considered harmless. MCLA 769.26; MSA 28.1096.

Defendant's final allegation of error is based upon the trial judge's failure to instruct the jury upon the lesser offenses included in the charge of armed robbery. Since defendant failed to present evidence which would support conviction of such offenses, the trial judge properly refused his requested instructions. *People v Membres,* 34 Mich App 224 (1971); *People v Stram,* 40 Mich App 249 (1972). Defendant's failure to establish the commission of error requires an affirmance of his conviction.

Affirmed.