PEOPLE v NAMON BROWN

1. CRIMINAL LAW—JUVENILE RECORD—SENTENCING.
   A criminal defendant's prior juvenile record may be considered in determining his sentence.

2. CRIMINAL LAW—PRESENTENCE REPORTS—APPEAL AND ERROR.
   Denial of appellate counsel's motion in the trial court to view a presentence report was proper in a case where defendant's trial counsel did not make a request for the presentence report.

Appeal from Jackson, Gordon W. Britten, J. Submitted Division 2 March 6, 1973, at Lansing. (Docket No. 14214.) Decided March 23, 1973.

Namon Brown was convicted of breaking and entering. Defendant appeals. Affirmed and sentence modified.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Bruce A. Barton,* Prosecuting Attorney, and *Richard A. Cooley, Jr.,* Assistant Prosecuting Attorney, for the people.

*Norris J. Thomas, Jr.,* Assistant State Appellate Defender, for defendant.

Before: DANHOF, P. J., and HOLBROOK and BASHARA, JJ.

PER CURIAM. Defendant was tried and found guilty by a jury of breaking and entering, MCLA 750.110; MSA 28.305. He was sentenced to eight to ten years in prison and appeals.

REFERENCES FOR POINTS IN HEADNOTES

[1] 47 Am Jur 2d, Juvenile Courts and Delinquent and Dependent Children §§ 4, 8.
[2] 21 Am Jur 2d, Criminal Law § 527.

An examination of the record and briefs discloses no prejudicial error in relation to defendant's being found guilty.

Regarding his sentence, defendant contends that the trial court may have improperly considered his juvenile record in imposing sentence and that there was further error in the court's refusal to provide the presentence report to defendant's appellate counsel. On the basis of *People v Pence*, 42 Mich App 215 (1972), and *People v Coleman*, 19 Mich App 250 (1969), we decline to follow the case of *People v McFarlin*, 41 Mich App 116 (1972), which held that a criminal defendant's prior juvenile record may not be considered by the trial judge in determining his sentence.

As to the trial court's denial of appellate counsel's motion to view the presentence report, we do not find denial of this motion to be improper. We are aware of this Court's decision in *People v Chappell*, 44 Mich App 204 (1972), but decline to follow it. Defendant's trial counsel did not make a request for the presentence report. The case is, therefore, factually inapposite to *People v Malkowski*, 385 Mich 244 (1971). Moreover, although the Supreme Court in *Malkowski* addressed itself to the question of mandatory accessibility of these reports, it failed to resolve the issue. In view of the present state of the law, we are in agreement with this Court's determination in *People v Griffis*, 37 Mich App 249, 251 (1971), that it would be inappropriate for us "to outrun the Supreme Court".

There was, however, error in defendant's sentencing. He should have been sentenced to six years and eight months minimum to ten years maximum according to *People v Tanner*, 387 Mich 683 (1972), and the minimum sentence is so modified.

Affirmed except as modified herein.