PEOPLE v REDWINE

PEOPLE v WILSON

1. CRIMINAL LAW—JURY SELECTION—PEREMPTORY CHALLENGES—CON-
STITUTIONAL LAW—DUE PROCESS—IMPARTIAL JURY.

A prosecuting attorney's use of peremptory challenges which
effectively excluded negroes from the jury did not deny a
defendant his constitutional rights to due process and trial by
an impartial jury.

2. CRIMINAL LAW—CONSTITUTIONAL LAW—JURY SELECTION—DISCRIMI-
NATION—AGE.

The Court of Appeals refuses to recognize any particular age
group as a cognizable class against which discrimination in jury
selection can be practiced in a criminal case.

3. CRIMINAL LAW—JURY SELECTION—DISCRIMINATION—AGE—EVI-
DENCE—MATHEMATICAL DISPARITIES.

An allegation of discrimination against 18-to 34-year-olds in jury
selection in a criminal case cannot be sustained by a showing of
a mathematical disparity between population of the group in
the community and on the jury panel where there is no
showing of the number of people of that group on the voter
registration records, the source from which the jury panel was
selected.

4. CRIMINAL LAW—JURY SELECTION—DISCRIMINATION—EVIDENCE—
SYSTEMATIC AND INTENTIONAL EXCLUSION.

An allegation of discrimination in jury selection cannot be sus-
tained where the defendant makes no showing of a systematic
and intentional exclusion of a particular group or class of
persons from the list of eligible jurors.

REFERENCES FOR POINTS IN HEADNOTES
[1] 47 Am Jur 2d, Jury §§ 27, 235.
Use of peremptory challenge to exclude from jury persons belong-
ing to a race or class, 4 ALR2d 1200.
[2, 3] 47 Am Jur 2d, Jury § 163 *et seq.*
[4] 47 Am Jur 2d, Jury § 180.

Appeal from Genesee, Thomas C. Yeotis, J. Submitted Division 2 November 14, 1973, at Lansing. (Docket No. 15350, 15027.) Decided November 28, 1973.

Jerome Redwine and Thomas Wilson were convicted of breaking and entering in the night time with intent to commit a felony and attempted breaking and entering in the night time with intent to commit a felony. Defendants appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief, Appellate Division, for the people.

*Wistrand, Wistrand & Brendle,* for defendant Redwine.

*Shaheen & Shaheen,* for defendant Wilson.

Before: QUINN, P. J., and HOLBROOK and PETERSON,* JJ.

QUINN, P. J. Defendants' jury trial resulted in their conviction on two counts of violating MCLA 750.110; MSA 28.305, and one count of attempted violation of the same statute, MCLA 750.92; MSA 28.287. They were sentenced and they appeal.

The issues raised on appeal obviate a recitation of the facts concerning the crimes charged, but we do note that the evidence of guilt was overwhelming.

As to defendant Redwine, the issue is properly stated by the people as:

---

* Circuit judge, sitting on the Court of Appeals by assigment.

"Whether defendant is entitled to reversal of his conviction based upon the claim that he was deprived of the constitutional right to be tried by a jury of his peers?"

As to defendant Thomas Wilson, the issues are

"Whether or not the verdict was erroneous being contrary to the great weight of the evidence and being based upon inferences upon inferences?

"Whether or not the trial judge erred in failing to require further proof that the jury panel was not discriminatory?"

There are two facets to the issue affecting defendant Redwine. At trial, he objected to the jury as constituted for two reasons. By use of peremptory challenges, the prosecuting attorney had excused all negroes from the jury. At trial and now, defendant Redwine contends that in Genesee County a jury without negroes is not representative of the community, which is 13.5% colored. From this premise, defendant Redwine argues that he has been denied due process and trial by an impartial jury. *People v Roxborough,* 307 Mich 575; 12 NW2d 466 (1943), is to the contrary and controls.

The second reason advanced by defendant Redwine at trial for his objection to the jury was that there was no juror between the ages of 18 and 21; and that according to the questionnaires returned by the panel from which the jury was selected, the youngest juror on the panel was 32 years of age.

On appeal, defendant Redwine demonstrates that 39.98% of the people in the community eligible to vote are between the ages of 18 through 34, and that prospective jurors are selected from voter registration records. The percentage of jurors under 34 on the panel was 1.33%. From these facts, it is argued that the disparity between the number

of persons in the community under 34 and the number on the jury panel under 34 is so great that a prima facie case of discriminatory jury selection with respect to this age group has been established, and that the prosecuting attorney failed to sustain his burden of justifying the exclusion of this age group.

We must reject defendant Redwine's argument for three reasons. First, we refuse to recognize any particular age group as a cognizable class against which discrimination in jury selection can be practiced. We recognize that some courts have ruled to the contrary, see *State v Holmstrom,* 43 Wis 2d 465; 168 NW2d 574 (1969); *United States v Butera,* 420 F2d 564 (CA 1, 1970). However we adopt as the better reasoning *Chase v United States,* 468 F2d 141 (CA 7, 1972) and *United States v McVean,* 436 F2d 1120 (CA 5, 1971), both of which sustain our position.

Secondly, we cannot accept defendant Redwine's mathematical demonstration of disparity as accurate because it fails to disclose how many of the people in the community age 18 through 34 are registered to vote.

Thirdly, defendant Redwine makes no showing of a systematic and intentional exclusion of a particular group or class of persons from the list of eligible jurors, *People v Gray,* 45 Mich App 643; 207 NW2d 161 (1973).

The foregoing analysis and decision dispose of defendant Wilson's second issue contrary to his position thereon.

There was no motion for new trial. Defendant Wilson's issue relating to weight of the evidence was not preserved for review, *People v Mattison,* 26 Mich App 453; 182 NW2d 604 (1970).

Affirmed.

All concurred.