PEOPLE v TUNSTULL

1. CRIMINAL LAW—JURY SELECTION—EVIDENCE—SYSTEMATIC EXCLU-
   SION—DISCRIMINATION.

   There is insufficient proof of systematic exclusion or purposeful
   discrimination to require a remand for an evidentiary hearing
   on the matter of jury selection where a defendant merely
   challenges the exclusive use of voter registration lists from
   which to select prospective jurors and makes comparisons of
   percentages of blacks and young people on the voter registra-
   tion lists with the actual numbers of these groups on the jury
   panel.

2. CRIMINAL LAW—APPEAL AND ERROR—INSTRUCTIONS TO JURY—PRE-
   SERVING QUESTION.

   The issue of error in jury instructions was not preserved for
   appeal where allegedly prejudicial remarks were made by the
   prosecutor during his opening statement, the remarks were
   immediately objected to, the trial court instructed the jury to
   disregard the remarks, and defendant thereafter neither ob-
   jected to the curative instructions nor requested any further
   instructions on the matter.

3. CRIMINAL LAW—SENTENCING—PRESENTENCE REPORTS.

   Denial of a defendant's request, made by appellate counsel, to
   examine the presentence report was not reversible error where,
   at the time of sentencing, no request for the presentence report
   had been made by defendant's trial counsel.

Appeal from Macomb, Hunter D. Stair, J. Sub-
mitted Division 2 May 15, 1974, at Lansing.
(Docket No. 15227.) Decided June 27, 1974.

Sidney J. Tunstull was convicted of breaking

REFERENCES FOR POINTS IN HEADNOTES
[1] 47 Am Jur 2d, Jury §§ 189–194.
[2] 53 Am Jur, Trial § 824.
[3] 21 Am Jur 2d, Criminal Law § 303.

and entering with intent to commit larceny. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *George N. Parris,* Prosecuting Attorney, *Thaddeus F. Hamera,* Chief Appellate Lawyer, and *Max J. Pitlosh,* Assistant Prosecuting Attorney, for the people.

*James R. McMaster,* for defendant on appeal.

Before: DANHOF, P. J., and T. M. BURNS and CARLAND,* JJ.

PER CURIAM. On May 3, 1972, defendant was tried before a jury and convicted of breaking and entering with intent to commit larceny. MCLA 750.110; MSA 28.305. On May 31, 1972, he was sentenced to 12 to 15 years in prison. On January 10, 1974, the trial court entered an order correcting defendant's sentence to 10 to 15 years in accordance with the guidelines announced in *People v Tanner,* 387 Mich 683; 199 NW2d 202 (1972).

Prior to trial, defense counsel moved to challenge the jury array, alleging discrimination against blacks and young people. After hearing testimony from the Macomb County Jury Clerk, the trial court denied the motion. This Court subsequently granted defendant's motion for a remand for an evidentiary hearing on the question of jury selection. However, in an order entered May 21, 1973, this Court, after reviewing the relevant portions of the trial transcript, revoked its prior order stating:

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

"We have reviewed that portion of the transcript and find that our prior order of remand was inappropriate."

Defendant is now before this Court again requesting that we remand this cause for an evidentiary hearing on the question of the systematic exclusion of blacks and young people from juries in Macomb County. Defendant claims that the exclusive use of voter registration lists in the selection of juries tends to exclude blacks and young people from the array of prospective jurors because these groups are registered in lesser numbers than other groups. Were we to remand this cause for an evidentiary hearing, presumably defendant would attempt to show systematic exclusion by comparing the percentage of blacks and young people registered to vote with the actual number of those groups on the jury panel. However in *People v Redwine,* 50 Mich App 593; 213 NW2d 841 (1973), and *People v Williams,* 50 Mich App 763; 213 NW2d 754 (1973), our Court has determined that such comparisons are insufficient proof of systematic exclusion or purposeful discrimination.

In *Redwine* the defendant claimed discrimination due to the fact that while 40% of the people in the community eligible to vote were under the age of 34, the percentage of jurors under 34 on the panel was only 1.33. The court rejected defendant's contention when it stated at p 596:

"[W]e refuse to recognize any particular age group as a cognizable class against which discrimination in jury selection can be practiced."

* * *

"[D]efendant Redwine makes no showing of a systematic and intentional exclusion of a particular group or class of persons from the list of eligible jurors, *People v Gray,* 45 Mich App 643; 207 NW2d 161 (1973)."

In *Williams,* the defendant alleged a systematic exclusion of blacks from jury service through the use of voter registration lists. The Court disagreed and determined that a jury array drawn by random selection from voter registration lists was no proof of "purposeful discrimination." The Court stated at p 767:

"This Court has repeatedly held that the use of voter registration lists to select potential jurors is a constitutionally permissible means of proceeding."

As in *Redwine* and *Williams,* defendant in this case does not allege specific acts of purposeful discrimination, nor does he offer sufficient evidence of systematic exclusion. Therefore, we feel that our Court's May 21, 1973, order was proper and that a remand for an evidentiary hearing would be inappropriate.

Defendant also claims that certain remarks made by the prosecutor in his opening statement were so prejudicial as to entitle him to a new trial. Immediately after defense counsel's objection, the trial court instructed the jury to disregard the prosecutor's remarks. Defense counsel did not object to this instruction, nor did he request any further instructions on this matter.

Since defendant neither objected to the curative instruction given nor requested that it be supplemented, the error, if any, has not been preserved for appeal. *People v Smith,* 43 Mich App 562; 204 NW2d 555 (1972); *People v Ross,* 39 Mich App 697; 198 NW2d 439 (1972); *People v Wilson,* 40 Mich App 290; 198 NW2d 424 (1972). Furthermore, any error was corrected by the trial court's instruction. Since the record fails to support defendant's allegation of prejudice, the trial court's denial of his motion for mistrial is sustained.

Finally, defendant asserts three reasons why this cause should be remanded for sentencing. First, defendant claims that his sentence violated the guidelines of *People v Tanner, supra.* As we have already pointed out, the trial court corrected its error in sentencing by a subsequent order entered on January 10, 1974. Nothing further is required.

Second, defendant claims that the trial court's denial of his request to examine the presentence report was reversible error. However, the transcript of the sentencing proceeding reveals that no request for the presentence report was made by trial counsel. In view of this fact, we also do not find the trial court's denial of appellate counsel's motion to view the presentence report to be improper. We perceive no error. *People v Brown,* 45 Mich App 400; 206 NW2d 542 (1973). See also *People v Curry,* 48 Mich App 545; 210 NW2d 791 (1973).

Finally, with respect to the use of defendant's juvenile record at sentencing, this issue has already been decided adversely to defendant by a unanimous Supreme Court decision. See *People v McFarlin,* 389 Mich 557; 208 NW2d 504 (1973).

Affirmed.