671 N.W.2d 38 (2003)
PEOPLE of the State of Michigan, Plaintiff-Appellant,
v.
Keith GREEN, Defendant-Appellee.
Docket No. 124271, COA No. 235045.
Supreme Court of Michigan.
November 17, 2003.
On order of the Court, defendants motion for immediate consideration is GRANTED. Plaintiffs application for leave to appeal the July 8, 2003 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.
WEAVER, J., would grant leave to appeal.
CORRIGAN, C.J., dissents and states as follows:
I would grant leave to appeal to consider the analysis in the Court of Appeals dissent. A jury found defendant guilty of first-degree murder, M.C.L. § 750.316, assault with intent to commit murder, M.C.L. § 750.83, and possession of a firearm during the commission of a felony, M.C.L. § 750.227b. A divided Court of Appeals panel reversed on the ground that the prosecutor had committed misconduct during closing argument.[1] Specifically, the prosecutor referred to the district court's bindover decision and noted that the district court evaluates the credibility of witnesses at the preliminary examination.
Defendant did not object to the closing argument. Unpreserved errors are reviewed under the plain-error standard set forth in People v. Carines, 460 Mich. 750, 597 N.W.2d 130 (1999). To require reversal, an error must exist, it must be clear or obvious, and it must affect the defendant's substantial rights, i.e., the error must have affected the outcome of the lower court proceedings. Id. at 763, 597 N.W.2d 130. Moreover, "once a defendant satisfies these three requirements, an appellate court must exercise its discretion in deciding whether to reverse. Reversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence." Id. (internal quotation marks omitted).
Defendant does not appear to have satisfied the Carines requirements. Initially, I would note that an internal inconsistency exists in the Court of Appeals majority's finding of prosecutorial misconduct. The trial court had expressly permitted the prosecutor to introduce the very evidence that was later discussed in closing:

Q. And notwithstanding Ricky Jackson's recantation or lies, the case was still bound over to circuit court?

A. Yes, ma'am.

Q. The Judge there still made a probable cause finding?

Mr. Cripps [defense counsel]: Judge, objection as to the relevancy of that.

The Court: It's the history of the criminal procedure in this case. I don't see anything wrong with it.

Q. And notwithstanding Ricky Jackson's lies on the stand, Judge Leona Lloyd still found probable cause that Keithon Green was responsible for the *39 murder and assault with intent to murder and felony firearm as to Keithon Green relating to the complaint and warrants in this case?
A. Yes, ma'am. [Emphasis supplied.]
It thus appears that the prosecutor relied on the trial court's own ruling admitting evidence when referring to that evidence during closing argument.
Does a prosecutor commit misconduct simply by referring to evidence that the trial court itself has admitted? The Court of Appeals majority ignored that question, and its analysis is therefore incomplete. I would grant leave to appeal to consider this issue or, in the alternative, vacate the Court of Appeals opinion and remand for the majority to explain its reasoning and to more closely scrutinize the law in this area.[2]
Moreover, I am inclined to agree with the Court of Appeals dissent that defendant has not demonstrated prejudice. The reference to the preliminary examination was isolated and did not affect the outcome of the trial. The surviving victim identified defendant as the perpetrator of the crime. The victim was unequivocal in his identification of defendant. Eyewitness testimony is sufficient to prove the elements of a crime beyond a reasonable doubt. People v. Daniels, 172 Mich.App. 374, 378, 431 N.W.2d 846 (1988); People v. Thomas, 7 Mich.App. 103, 104, 151 N.W.2d 186 (1967).
Also, the trial court repeatedly instructed the jurors that they alone were to judge the credibility of witnesses and the facts of the case, and that any lawyer's arguments and the judge's remarks were not evidence.[3] Jurors are presumed to follow the court's instructions. People v. Graves, 458 Mich. 476, 486, 581 N.W.2d 229 (1998).
These instructions would seem to have cured any prejudice arising from the closing argument. To quote the Court of Appeals dissent, "the jury instructions made it quite clear that the jurors could only base their verdict on the evidence presented, i.e., the testimony and exhibits presented to them, and could not base their decision on arguments of counsel, questions of counsel, or any other extraneous factor." Thus, the brief reference to the preliminary examination "did not turn this otherwise proper trial into one that seriously affected the fairness, integrity or public reputation of this proceeding."
YOUNG, J., joins the dissent of CORRIGAN, C.J.
NOTES
[1] Unpublished opinion per curiam, issued July 8, 2003 (Docket No. 235045).
[2] I would also direct the Court of Appeals to consider our recent decision in People v. Jones, 468 Mich. 345, 662 N.W.2d 376 (2003). In Jones, we discussed the doctrine of "invited response." Under that doctrine, the proportionality of a prosecutor's response to the defendant may be relevant in determining whether closing remarks affected the fairness of a trial. While that doctrine might not apply directly, it may offer some guidance by analogy in determining whether the trial court's own evidentiary ruling invited the prosecutor's comment during closing argument.
[3] Defendant did not request a curative instruction specifically tailored to the circumstances of this case.