*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DAVID GREGORY HANLEY,

        Plaintiff-Appellee,

v

PAMELA ANN SEYMOUR,

        Defendant-Appellant.

UNPUBLISHED
January 30, 2020

No. 347380
Oakland Circuit Court
LC No. 2010-777620-DM

Before: METER, P.J., and FORT HOOD and REDFORD, JJ.

PER CURIAM.

Defendant appeals as of right from the trial court's denial of her motion for reconsideration of its award of attorney fees to plaintiff. Defendant's appeal is wholly without merit. We affirm the trial court and take the extraordinary step of sanctioning defendant under MCR 7.216(C) for filing a vexatious appeal. The case is remanded to the trial court for determination of the amount of plaintiff's attorney fees expended in defending this appeal.

## I. BACKGROUND

This appeal is the latest in a series of disputes originating from the parties' divorce, which was finalized in January 2012. The judgment of divorce provided that the parties would not have deliberate contact, particularly disparaging contact, with the other party's business associates. In 2015, defendant violated this provision by mailing to opposing counsel in a case plaintiff was working an envelope which contained questionably reliable, but nevertheless disparaging information about plaintiff. For this violation, the trial court ordered defendant to serve 93 days in jail, pay a $7,500 fine, and pay $15,000 in attorney fees and $2,625 in expert fees to defendant.

Subsequently, in an unrelated case between plaintiff's current wife and defendant, the parties agreed to a settlement wherein defendant would drop her appeal in that case in exchange for plaintiff waiving the sanctions in the contempt action. Defendant, however, refused to sign the settlement documents and appealed the trial court's contempt ruling. This Court affirmed the trial court's sanction in an unpublished per curiam opinion. *Hanley v Seymour*, unpublished per curiam opinion of the Court of Appeals, issued October 26, 2017 (Docket No. 334400). In doing

so, this Court awarded plaintiff, as the prevailing party, his "taxable costs under MCR 7.219." *Id*. at 5.

Then, on November 26, 2018, plaintiff moved the trial court under MCR 3.206(D) to award him his attorney fees incurred in defending the appeal, arguing that the fees were incurred as a result of defendant's unreasonable conduct in agreeing to the settlement and then repudiating the settlement by appealing the contempt order. Plaintiff noted that, on appeal, defendant "failed to provide any authority for why she was not subject to imposition of the maximum penalties" for her violation of the parties' divorce judgment, and that defendant had still failed to pay the sanction as of the date of the motion. Plaintiff also sought payment for attorney fees incurred in filing the November 26th motion.

Plaintiff's agent mailed the motion to defendant on November 26, 2018 "by first class U.S. Mails, postage pre-paid, and via e-mail." A hearing on the motion was scheduled for December 5, 2018.

Defendant did not respond to the motion or attend the hearing.[1] After a lengthy discussion between plaintiff's attorney and the trial court regarding the acrimony between the parties and the long history of the legal proceedings,[2] plaintiff's attorney made a record justifying the requested fees.[3] The trial court noted that MCR 3.206(D)(2)(b) authorizes attorney fees when "parties have been forced to incur expenses as a result of the other parties unreasonable conduct in the course of this litigation. And perhaps that's the theme of this litigation during the many years." The trial court found that defendant acted unreasonably by agreeing to a settlement only to repudiate it at the final hour, thereby forcing plaintiff to incur additional attorney fees responding to an appeal which was denied "in no uncertain terms."

Ultimately, the trial court awarded plaintiff $12,000 in attorney fees in addition to the sanctions awarded for the earlier contempt. Subsequently, defendant moved the trial court for reconsideration of its attorney-fee order, arguing that the order should be vacated because she was not properly served with the motion. This appeal followed the trial court's denial of reconsideration.

---

[1] The hearing was scheduled for 8:30 a.m., and the trial court waited until 9:30 a.m. to begin the proceedings. The trial court noted that defendant "called and told us how awful we were and said she was coming" but did not attend.

[2] The trial court noted that defendant had utilized numerous attorneys to represent her and had also filed "a whole potpourri of motions" *in pro per* shortly before defendant's request for attorney fees. The trial court's discussion indicates that these motions were generally inappropriate. Also inappropriate were defendant's abuse of the discovery process and threats to kill many persons associated with the ongoing proceedings.

[3] Plaintiff's motion did not indicate how many hours plaintiff's counsel had expended on the instant motion; however, at the motion hearing, plaintiff's counsel requested an additional eight hours' worth of attorney fees for preparing the instant motion and appearing in court.

## II. ANALYSIS

On appeal, defendant does not challenge the trial court's findings regarding the motion. Rather, defendant argues that she was not timely notified of plaintiff's motion and that the trial court denied her due process by holding a hearing on plaintiff's motion. Defendant therefore challenges the trial court's denial of her motion for reconsideration.

We review the trial court's decision on a motion for attorney fees for an abuse of discretion. *Smith v Khouri*, 481 Mich 519, 526; 751 NW2d 472 (2008). We also review for an abuse of discretion the trial court's decision on a motion for reconsideration. *In re Estate of Moukalled*, 269 NW2d 708, 713; 714 NW2d 400 (2006). A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes. *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006).

MCR 2.119(C) sets forth the general timing and notice requirements for civil motion practice and provides in pertinent part:

> (1) Unless a different period is set by these rules or by the court for good cause, a written motion (other than one that may be heard ex parte), notice of the hearing on the motion, and any supporting brief or affidavits must be served as follows:
>
> (a) at least 9 days before the time set for the hearing, if served by first-class mail, or
>
> (b) at least 7 days before the time set for the hearing, if served by delivery under MCR 2.107(C)(1) or (2) or MCR 1.109(G)(6)(a).

When service is required, MCR 2.107(3) authorizes service by mail. "Mailing a copy under this rule means enclosing it in a sealed envelope with first class postage fully prepaid, addressed to the person to be served, and depositing the envelope and its contents in the United States mail. Service by mail is complete at the time of mailing." MCR 2.107(3).

Plaintiff admitted that she received the motion on November 30, 2018. She argues that, because service was not completed nine days before the December 5, 2018 hearing, see MCR 2.119C(1)(a), she was denied her procedural rights when the trial court held the motion hearing without her presence. What defendant overlooks, however, is that service of a motion is complete "at the time of mailing," MCR 2.107(3), not at the time of receipt. The proof of service in this case clearly indicates that the motion was mailed to defendant on November 26, 2018 in compliance with the nine-day requirement in MCR 2.119(C)(1)(a). Defendant's argument is therefore wholly without merit.

Defendant's obvious misreading of the court rules was pointed out to her in plaintiff's response to her appellate brief. Nonetheless, defendant did not raise any additional authority that would support her claim in her reply brief, nor did she withdraw her appeal. Indeed, plaintiff's reply brief does not even address the alleged service deficiency which is the basis for her appeal, yet alone MCR 2.107(3). Instead, plaintiff's reply brief presents a new issue challenging the trial

judge's subject-matter jurisdiction over the case between October 25, 2015 and April 3, 2019. We decline to address this issue, however, because an appellant may not raise an issue for the first time in a reply brief. *Kinder Morgan Michigan, LLC v City of Jackson*, 277 Mich App 159, 174; 744 NW2d 184, 194 (2007) (declining to address a jurisdictional issue raised for the first time in a reply brief); MCR 7.212(G) (Reply briefs must be confined to rebuttal of the arguments in the appellee's or cross-appellee's brief).

Again, we note that defendant has not challenged the trial court's findings or legal conclusions made at the hearing. Finding no procedural error in the notice given to defendant or the trial court's hearing, we affirm the trial court's denial of defendant's motion for reconsideration. As the prevailing party, plaintiff may tax his costs. MCR 7.219.

In addition to authorizing this court to award the taxation of costs, our court rules also grant us the discretionary authority to assess punitive damages on our own motion when we determine that an appeal was "vexatious." MCR 7.216(C)(1). An appeal is vexatious when it "was taken for purposes of hindrance or delay or without any reasonable basis for belief that there was a meritorious issue to be determined on appeal," MCR 7.216(C)(1)(a), or when a party's filings with this Court have "grossly disregarded the requirements of a fair presentation of the issues" or have otherwise "grossly" disregarded or court rules or "the requirements of propriety," MCR 7.216(C)(1)(b). Sanctioning a party under MCR 7.216(C) is an extraordinary action that this Court has employed sparingly. Nonetheless, we conclude that this case warrants such a sanction.

Defendant's procedural claim in the instant appeal is clearly preempted by MCR 2.107(3) and, given the clarity of that subsection, we can only conclude that defendant did not have a "reasonable basis for a belief that there was a meritorious issue to be determined on appeal." MCR 7.216(C)(1)(a). That defendant pursued the appeal for an improper purpose is further evidenced by the fact that defendant's legal error was succinctly addressed in plaintiff's brief yet, instead of withdrawing her appeal or providing other support for her claim, defendant chose to ignore the contradictory authority and raise an entirely new issue in her reply brief—thereby denying plaintiff an opportunity to respond to this new claim before oral argument. MCR 7.216(C)(1)(a), (b). Defendant has a long history of prolonging her dispute with her ex-husband by ignoring court orders, filing meritless motions, pursuing unnecessary appeals, and otherwise obstructing the judicial process. On balance, the lengthy record in this case makes clear that defendant is less interested in the resolution of actual grievances than she is in using the legal system to harass plaintiff and cause him financial harm. We cannot permit such a misuse of our judicial resources. Accordingly, we award plaintiff his attorney fees incurred in defending the instant appeal. See *Peake v Peake*, 469 Mich 962; 671 NW2d 875 (2003).

Affirmed, but remanded to the trial court for determination of the amount of attorney fees expended by plaintiff in this Court. We do not retain jurisdiction.

/s/ Patrick M. Meter
/s/ Karen M. Fort Hood
/s/ James Robert Redford

-4-